

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
)
)
)
)
)
)
)
)
)
)
)
)

PAULA KADIM

Plaintiff,

v.

ADELPHIA

CIGNA GROUP INSURANCE
And its affiliate Company LIFE
INSURANCE OF NORTH AMERICA

U.S.D.C. Civil Action No. ___

Removal from Gloucester District
Court Civ No. 0439CV270

## NOTICE OF REMOVAL

Defendant, CIGNA Group Insurance Company of America ("CIGNA") hereby

files this Notice of Removal of the above-captioned action to the United States District

Court for the District of Massachusetts from the Gloucester District Court of the

Commonwealth of Massachusetts, Essex Division (Civ. No. 0439CV270) where the

action is now pending as provided by 28 U.S.C. s. 1446, and states:

1.    Plaintiff commenced this action in the Superior Court of the

Commonwealth of Massachusetts on or about October 12, 2004.

2.    The action is a civil action based through which Plaintiff seeks entitlement

to the award of disability insurance benefits under the Employee Retirement Income

Security Act of 1974 ("ERISA"), as well as additional common law claims under

Massachusetts law.  A true copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3.    Plaintiff seeks the award of plan benefits under ERISA Section

502(a)(1)(B).  Exhibit 1 at "Parties and Jurisdiction"  and "Prayer for Relief."

4.      Plaintiff's Complaint specifically acknowledges that this Court has "concurrent" jurisdiction with the Massachusetts Superior Court for her ERISA case. Exhibit 1 at "Parties and Jurisdiction."

5.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331(conferring federal question jurisdiction), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that Plaintiff's Complaint seeks disability insurance benefits from a "Welfare Plan" as that term is defined in Section 3(1) of ERISA, 29 U.S.C. 1002.

6.      Copies of all process, pleading, and orders served upon CIGNA are filed with this notice. See Exhibit 1, Complaint; and Exhibit 2, Plaintiff's Statement of Damages.

7.      CIGNA will give written notice of the filing of this notice as required by 28 U.S.C. s. 1446(d).

8.      A copy of this notice will be filed with the clerk of the state court as required by 28 U.S.C. s. 1446(d).

WHEREFORE, Hartford requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted by CIGNA Group
Insurance Company,
By its Attorney,

David B. Crevier, BBO# 557242
Theodore F. Glockner, BBO #629469
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel:  413-787-2400; Fax:  413-781-8235
Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this 9th day of November, 2004.

Theodore F. Glockner

**CIVIL COVER SHEET** 04 12383 GAO

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Paula Kadim

**DEFENDANTS**

Adelphia    2004 NOV 10  A 11: 08
CIGNA Group Insurance

**(b)** County of Residence of First Listed Plaintiff  Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dean W. Harrison, Esq.
5 Rock Pasture Road
Gloucester, MA 01930, (978) 283-5614

Attorneys (If Known)   (413)787-2400
David B. Crevier
Theodore G. Glockner, Esq.
1500 Main St., Suite 2020
Springfield, MA 01115-5727

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

| | | | | Transferred from | | Appeal to District Judge from |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Magistrate Judgment |

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Removal of ERISA action seeking plan benefits pursuant to 29 USC § 1132 (a)(1)(b)

**VII. REQUESTED IN
COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23        DEMAND $           CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S)
IF ANY**   (See instructions):
JUDGE        N/A        DOCKET NUMBER

DATE                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

Paula Kadim v. Adelphia

2004 NOV 10  A 11: 08

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

DISTRICT COURT
DISTRICT OF MASS.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

_____ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_791_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

_____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

_____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

04 12383 GAO

_____ V.  150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).  _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC 2403)    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐    NO ☒

   (a)    IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  _Eastern_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐    OR WESTERN DIVISION; YES ☐    NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ☐    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐    OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David B. Crevier & Theodore F. Glockner, Esq.
ADDRESS  1500 Main Street, Suite 2020, Springfield, MA 01115-5727
TELEPHONE NO.  413-787-2400

(Category Form.wpd - 3/28/2000)

ESSEX, ss.

GLOUCESTER DISTRICT COURT
DOCKET # 0-139CV270

PAULA KADIM                          )
   Plaintiff,                       )
                                     )
v.                                   )
                                     )
ADELPHIA                             )            COMPLAINT
                                     )
CIGNA GROUP INSURANCE                )
and its affiliate Company LIFE INSURANCE )
OF NORTH AMERICA                     )
   Defendants,                      )
                                     )
                                     )
                                     )

This action arises out of Plaintiff's claim for long term disability payments against Defendant Life Insurance Company of North America/Cigna Group Insurance Company ("Cigna") as insurance carrier, while Plaintiff was employed full-time by Defendant Adelphia. Plaintiff also alleges breach of fiduciary behavior by Defendant Adelphia while acting as the Plan Administrator of the Retirement Plan.

Plaintiff Kadim also in maintains her action for violation of her civil rights in the discrimination by her employer Defendant Adelphia for wrongful acts in denial of her rights and illegal termination of her employment.

Plaintiff Kadim is maintaining her action against Defendant Cigna by reason of its failure as insurance carrier to act properly under state law when, without reasonable investigation of her claim, arbitrarily denied disability income rights under its contract.

## A. PARTIES AND JURISDICTION

Plaintiff Kadim under Section 93A under Commonwealth Law claims consumer fraud by both defendants and asks treble damages and her attorney fees. Claims under ERISA arise under 29 U.S.C. 1132, Civil Employment enforcement (ERISA Sec. 502) with concurrent state jurisdiction conferred in actions brought under subsection (a) (1) (B) of the aforesaid Section 502. Such concurrent jurisdiction with the U.S. District Courts is so conferred where the beneficiary (Plaintiff Kadim) "...is enforcing right under the terms of the plan," as is the case herein.

ERISA fiduciary behavior, or rather misbehavior of Adelphia, occurred under duties of well recognized standard of care owed to a beneficiary under the laws of the Commonwealth where such well-recognized legal principles were originally forged and then codified under ERISA. Both Defendants are authorized to conduct business in the Commonwealth and were conducting such business when the alleged fraudulent acts and breach of contract occurred. Both parties have been warned of their alleged misbehavior in detailed writing by Plaintiff's Attorney pursuant to customary business and legal practice and as required by Section 93A. Both Defendants have responded with insufficient defenses. Action is also brought against both Defendants for violation of Plaintiff's civil rights under Massachusetts Laws and its Constitution.

## B. FACTS

(1) Adelphia is a communications and cable TV company operating at the 38 Blackburn Drive in Gloucester, Ma. 01930, and entered into a disability insurance contract with Defendant Cigna covering Adelphia's employees, one of which was Plaintiff Kadim. Defendant Cigna operates in Massachusetts and has an out of state address at P.O Box

2

Pittsburgh, PA. 15222-0325. Defendant Adelphia chose to be the Plan Administrator responsible for all fiduciary requirements under both ERISA and Massachusetts's common law.

(2) Defendant Adelphia is presently in reorganization under Chapter 11 of the U.S. Bankruptcy Laws, and several of its former key executives and shareholders have been convicted of violating U.S. securities laws, among others.

(3) Defendant Adelphia from April 2000 to July 2004 employed Plaintiff Kadim as a Customer Sales Service Representative. While so employed Plaintiff Kadim on May 28, 2003 slipped and fell on the company premises. It is believed that such a fall precipitated and caused the injury at issue in this case and from which the disability claim arose.

(4) Plaintiff Kadim continued to work daily, but as time went on she increasingly began to experience pain in her back until approximately the late part of October 2003. The pain became more severe and on November 5, 2003 she requested a Medical Leave of Absence for a period of twelve weeks ending on January 28, 2003. She requested disability payments during the same time as the medical leave and asked for a medical determination of short-term disability.

(5) On the day before Christmas 2003, the claim was denied by Defendant Cigna, stating that not enough medical documentation existed to support a claim for a sedentary position. No details were furnished outlining the lack of documentation or action recommended by either Defendant. During the time between the period of November 2003 and December 24, 2003 Plaintiff Kadim was under the care of M.D. Janet Doran and a licensed physical therapist Connie Murphy. She was advised not to return to work by her physical therapist, but Plaintiff Kadim because of financial need at this time

3

returned to work. In a letter dated December 19, 2003 Dr. Doran stated Plaintiff has been undertaking treatment but "she has been entirely unable to work at this time and is still in considerable pain though with slight improvement."

(6) As mentioned above Plaintiff Kadim out of necessity did return to work from approximately December 31, 2003 until January 21, 2003. When the pain became so unbearable, she was required to begin more intense treatment. On January 23, 2003 Dr. Doran had ordered a MRI, stated in a work-related note " Out of work until further notice" and referred her to a spine specialist.

(7) On January 26, under M.D. Richard Ozuna, results from the MRI were discussed. The MRI findings revealed: "There is desiccation of the L3-4 and L4-5 discs with mild loss of height and loss of central bright T2 signal.   L3-4 there is a mild diffuse disc bulge.  At L4-5 there is a small central and slightly left paracentral disc herniation.  This exerts mild to moderate mass effect on the thecal sac approaching the left L-5 nerve root in the lateral recess but without definite compression. At L5-S1 there is little to no bulge with no focal herniation or significant mass effect. There is minimal inferior foraminal narrowing bilaterally." The diagnosis given by Dr. Ozuna is "1) degenerative disc disease L4-L5 greater than L3-L4 2) lower back pain 3) diffuse bilateral lower extremity numbness".

(8) At this point treatment was to be a set of facet shots to be administered by the Hunt Hospital pain clinic. Plaintiff Kadim had appointment set up for four days later. In February 2004 Plaintiff Kadim had facet shots administered with little relief for the back pain.

4

(9) Upon re-evaluation on March 12, 2004 pain was becoming worse and extending into the lower left extremity. Diagnosis at this point according to Dr Ozuna was to "place her on Ultram as well as recommend that she undergo epidural steroid injections at the L3-4 level to one in fact the L3-4 level as well as it may be at the L4-5 level". Based on her weakness, he stated that he would have to see her sooner than earlier anticipated.

(10) On March 18, 2004, in a letter addressed to Cigna from Dr. Ozuna states that "Based on her most recent exam she continues to be temporarily disabled from her current occupation. I understand that there has been some question of whether she has been totally disabled since her injury in late October. It is my medical opinion that she has been TOTALLY DISABLED" (emphasis added). He then states that "If there is any question regarding this I would suggest that Cigna Insurance certify a functional capacity evaluation for her to confirm if she is capable of some gainful employment. I'm sure that this capacity function evaluation will reveal she is UNABLE TO PERFORM HER WORK DUTIES"(emphasis added).

(11) Reacting on his advice On March 26, 2004 Plaintiff Kadim returned to see Dr. Ozuna for a follow up from the epidural. " She has grade 1 weakness in her left DHL and tibialis anterior. The remainder of the exam is unchanged. She has moderate left buttock tenderness". "Ms. Kadim's symptoms have not improved and her weakness has slightly worsened. I do feel she is a reasonable candidate for micro discectomy. We discussed the risks and benefits of this including nerve injury and infection".

(12) On April 6, 2004 an L4-5 left sided microdiscectomy was preformed at the Lynn Union Hospital. Follow up two-week appointment shows "she states leg pain is nearly completely resolved. She has some achiness in her back but denies any fevers, chills or

wound drainage". "Incision well healed. Normal motor exam with the exception of Grade weakness in her left tibialis anterior, which was present preoperatively. Sensation was normal".

(13) On May 15, 2004 Plaintiff Kadim had what was most likely lumbar strain or some irritation on her facet joints. Dr. Ozuna gave her a medrol dose pack and ordered blood tests to rule out infection. Follow-up appointment in one month.

(14) On June 11, 2004 Plaintiff Kadim returned for her follow-up. Dr. Ozuna discontinued physical therapy and recommended a home exercise program. "She is doing well at this point" and he progressed her to normal activities and her final follow-up will be on August 2, 2004. The Doctor finally declared her fit to work and Plaintiff has been and remains able to work since August 2, 2004 but has been paid no disability income up to that point. Defendant Cigna has denied all pleas.

(15) Defendant Cigna ignored Dr. Ozuna's request for the evaluation and in a letter dated May 12, 2004 made what was termed a final denial. While admitting that: "However, it was discovered that some additional information that you submitted as part of that appeal was not included in our previous reviews. Therefore, we reviewed that information in order to determine if it would change the outcome of the April 6, 2004 determination. Defendant Cigna had the additional information reviewed again with one assistant medical doctor, denied benefits and closed the case.

(16) Plaintiff Kadim was never told who the medical doctor was, never saw him or her and was never contacted for an evaluation. The burden of which was upon Defendant Cigna to dispute legally and professionally this finding especially considering the statement of Dr. Ozuna that Plaintiff Kadim was "totally disabled" and his evaluation

showed she is "unable to perform her work duties." The expert, Dr. Ozuna, who evaluated her and operated on her stated categorically that she was disabled back on March 18, 2004. Lending credence to his conclusion, she was operated on after that date, and has been disabled until recently when Dr. Ozuna on August 2, 2004 finally cleared her for duty. She is now ready and able to return to work as an employee. Defendant Cigna chose to deny the disability claim based on a lay person's review and backed up by some unidentified medical employee. Cigna ignored a serious request by a licensed physician to perform an examination or evaluation personally and took the action of determining facts without first having a medical determination, tantamount to unprofessional, negligent and arbitrary behavior. Defendant Cigna ignored and failed to respond to the operation on her back or its effects and indeed attempted to ignore its very existence, apparently hoping that her claim would go away and that she would lack the will or resources to pursue legal rights.

(17) During this entire period Defendant Adelphia idly sat on its hands and ignored its fiduciary duty it assumed when it became Plan Administrator. There was no attempt by Defendant Adelphia to give reasonable or any advice to Plaintiff Kadim. There is no evidence on the record or outside it that demonstrates even a scintilla of assistance. Indeed, the employees were precatory in the extreme in pointing out then they were not allowed to offer any advice or assistance. Plaintiff Kadim had zero experience in disability claims, and was totally confused as to what it was the Defendant Cigna was looking for, especially when Plaintiff Kadim kept furnishing the medical data. Certainly Defendant Adelphia knew or had reasonable reason to know the level of details Defendant Cigna was requiring but violated its fiduciary duty by remaining mute and

pretending to be thoughtful and managing to be only negligent. Even setting aside for a moment the clear duties of fiduciary responsibilities to its beneficiary under both ERISA and common law, a modicum of assistance under customary employment relations is appropriate and owed, and no employee is required to be engaged in some form of guess work or twenty questions in order to receive her due from the employer he or she relies upon for expertise. It is not an unusual circumstance for a company to be in extremis these days, as is the case with Adelphia, along with employees to fear of losing their jobs. It is especially common in cases and is actionable where criminality and corruption occur in the highest echelons, where ordinary employees are the first to experience "off with their heads" mentality, and it is rare indeed when one dares to be the messenger with tidings of bad news. No saviors came forward, no whistle blowers emerged, and the violation of at least one person's rights, wrongs to Plaintiff Kadim continue unabated to this day.

(18) Defendant Kadim is now without a job, without a cent in disability income and is now claiming state unemployment compensation payable at reduced levels because of no employment income since January 2004. A single mother with two children and an ex-husband behind on his support, she is relegated to a state of penury, reliant on parents (including stepfather) to assist her and her children to provide creature comforts for the family. She is presently searching for a new job in a bad market for her family sustenance and to minimize damages claimed herein by reason of her wrongful termination of employment by and with attendant violation of her civil rights by Defendant Adelphia.

## C. COUNTS

### (Count I – Violation of Contractual obligations.)

(19) Plaintiff hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraph (1) through (18).

(20) Defendant Cigna as Insurance carrier are responsible for lawful claims filled against it for disability payments owed to employees of Adelphia who file and prove their case. Plaintiff Kadim relied on such a contract, fulfilled all responsibilities as an employee, filed appropriate documentation, and was totally disabled for the period in question and entitled to recover such amounts. Defendant Cigna acted arbitrarily, illegally and fraudulently in violation of its contract and is responsible for damages under the contract and under 93A for consumer fraud.

### (Count II – Violation of Civil Rights and Breach of employer-employee laws.)

(21) Plaintiff Kadim hereby adopts and incorporate by reference as fully stated herein the allegations contained in paragraph (1) through (18).

(22) Defendant Adelphia discriminated against Plaintiff Kadim under appropriate employees and rights, denying her equal protection under the law. It failed to obey ordinary standards of care as an employer.

9

## (Count III.— Breech of Fiduciary Duty)

(23) Plaintiff Kadim hereby adopts and incorporates beneficiary fully stated herein the allegations contained in paragraphs 1 through (18).

(24) Defendant Adelphia violated its affirmative duty of advising and assisting beneficiary Plaintiff Kadim under the Plan and so violated the standard established under ERISA and Common Law.

## (Count IV — Breach of employment contract)

(25) Defendant Adelphia lacked the ordinary care owed Plaintiff Kadim under employment/employee relations and assisted and abetted denial of claims of disability by Plaintiff Kadim, improperly and illegally terminated her employment by assisting in the demand of disability income payments. This action had the effect of abridging her term of employment under the pretext and guise of assisting in the denial of workman's compensation rights, disability income and she was constructively discharged without pay or benefits.

## D. PRAYERS FOR RELIEF

Plaintiff Kadim respectfully requests the following relief.

(1) Money damages for disability income.

(2) Treble damages and attorney's fees under 93A;

(3) Costs of suit award of attorney's fees;

(4) Such other relief as the Court deems just.

10

Paula Kadim

By her Attorney,

Dean W. Harrison (BBO# 223700)
5 Rock Pasture Road
Gloucester, Mass. 01930
(978) 283-5614

October 12, 2004

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk)<br>39  FILED | Trial Court of Massachusetts<br>District Court Department |

**PLAINTIFF(S)**

Paula Kadim

**DEFENDANT(S)** ADELPHIA,
CIGNA 6-35

Gloucester DISTRICT COURT
CLERK MAGISTRATE

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (Describe): | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| Reasonably anticipated lost wages: | $ |
| F. Other documented items of damage (Describe): | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): | |
| back injury | |
| disability claim | |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ 14,500 |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): Disability (failure to pay) Income from Employer and Insurance Carrier plus wrongful termination | $ 14,500 |
| | $ |
| | $ |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ 14,500 |

**ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):**

Signature _____  Date _____

Print or Type Name: DEAN W. HARRISON  B.B.O.# 223700

Address: 5 Rocky Pasture Rd  Gloucester MA 01930

tel 978-283-5614

**DEFENDANT'S NAME AND ADDRESS:**

ADELPHIA - 38 Blackburn Dr, Gloucester, Ma 01930

Cigna - PO Box, Pittsburgh Pa. 15222-8325

4/02

33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA KADIM<br>          Plaintiff,<br><br>v.<br><br>ADELPHIA and<br>CIGNA GROUP INSURANCE<br>and its affiliate Company LIFE<br>INSURANCE COMPANY OF<br>NORTH AMERICA<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    U.S.D.C. Civil Action No.<br>      04 12383 GAO<br><br>      Removal from Gloucester District<br>      Court Civ No. 0439CV270 |

## NOTICE OF REMOVAL BY ALL DEFENDANTS

Defendants, Adelphia, CIGNA Group Insurance Company of America

("CIGNA"), and Life Insurance Company of North America ("LINA"), (collectively

"Defendants") hereby file this Notice of Removal By All Defendants of the above

captioned action to the United States District Court for the District of Massachusetts from

the Gloucester District Court of the Commonwealth of Massachusetts, Essex Division

(Civ. No. 0439CV270) where the action is now pending as provided by 28 U.S.C. §

1446. The Defendants timely file this Notice of Removal By All Defendants, after

Defendant CIGNA filed its Notice of Removal on November 10, 2004 , in order to clarify

to the Court that **all Defendants agree to the removal of this action to this Court**. As

grounds for removal, the Defendants state:

      1.     Plaintiff commenced this action in the Superior Court of the

Commonwealth of Massachusetts on or about October 12, 2004.

2.     The action is a civil action through which Plaintiff seeks entitlement to the award of disability insurance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as additional common law claims under Massachusetts law. A true copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3.     Plaintiff's Complaint seeks the award of disability benefits under a plan covered by ERISA and pursuant to ERISA Section 502(a)(1)(B). Exhibit 1 at "Parties and Jurisdiction" and "Prayer for Relief."

4.     Plaintiff's Complaint specifically acknowledges that this Court has "concurrent" jurisdiction with the Massachusetts Superior Court for her ERISA case. Exhibit 1 at "Parties and Jurisdiction."

5.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331(conferring federal question jurisdiction), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that Plaintiff's Complaint seeks disability insurance benefits from a "Welfare Plan" as that term is defined in Section 3(1) of ERISA, 29 U.S.C. 1002. In sum, Federal Question jurisdiction is proper since Plaintiff asserts claims arising under ERISA, a federal statute.

6.     Copies of all process, pleading, and orders served upon Defendants are filed with this notice. See Exhibit 1, Complaint; and Exhibit 2, Plaintiff's Statement of Damages.

7.     The Defendants will give written notice of the filing of this notice as required by 28 U.S.C. s. 1446(d).

8.     A copy of this notice will be filed with the clerk of the state court as required by 28 U.S.C. s. 1446(d).

WHEREFORE, The Defendants request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted by DEFENDANTS
ADELPHIA, CIGNA GROUP
INSURANCE and its affiliate LIFE
INSURANCE COMPANY OF NORTH
AMERICA,

By their Attorney,

David B. Crevier, BBO# 557242
Theodore F. Glockner, BBO #629469
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel:  413-787-2400; Fax:  413-781-8235
Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this 15th day of November, 2004.

Theodore F. Glockner