**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| PAULA KADIM | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 04 CV 12383** CAO |
| | ) | |
| ADELPHIA and | ) | |
| CIGNA GROUP INSURANCE | ) | |
| and its affiliate Company LIFE | ) | |
| INSURANCE COMPANY OF | ) | |
| NORTH AMERICA | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Cigna Group Insurance Company and its affiliate Life Insurance Company of North America ("LINA") and Defendant Adelphia ("Adelphia") file this memorandum in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's claims all arise out of an employee benefit plan governed by ERISA. As detailed below Plaintiff's claims must be dismissed because: (1) the contract and M.G.L. c. 93A claims contained in Count I are preempted by ERISA; (2) Plaintiff fails to state a claim for the civil rights and breach of employer-employee claims alleged in Count II and even if she did, they are preempted; (3) Plaintiff fails to state a claim for the breach of fiduciary duty claims alleged in Count III and even if she did, the state law claim is preempted and the ERISA claim is barred; and (4) Plaintiff fails to state a claim for the breach of employment contract claim alleged in

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

Count IV and even if she did, it is preempted. [1]  In addition, Defendant Cigna Group Insurance

Company ("Cigna") must be stricken from the Complaint or dismissed from this suit because

Cigna is not a legal entity and not a proper party to this Complaint.

## FACTS

1.  This action arises out of Plaintiff's claim for disability payments.  Complaint at P. 1.

2.  Adelphia entered into a disability insurance contract with LINA to cover Adelphia's

    employees, one of which was the Plaintiff.  Complaint ¶ 1.  The disability insurance policy

    (hereinafter "the Plan") referenced in Plaintiff's Complaint is attached hereto as Exhibit A.[2]

3.  Plaintiff requested disability benefits on November 5, 2003.  Complaint ¶ 4.

4.  LINA denied Plaintiff's claim for disability benefits on December 24, 2003 on the grounds

    that there was insufficient medical documentation to support Plaintiff's claim for benefits.

    Complaint ¶ 5.

5.  Plaintiff returned to work from approximately December 31, 2003 until January 21, 200[4].

    Complaint ¶ 6.

---

[1] This case was removed to Federal Court from State Court on the basis of federal question
jurisdiction because all of Plaintiff's claims are governed by ERISA. The First Circuit has held
that it is proper to remove a case on the basis that plaintiff's claims are preempted by ERISA and
therefore subject to federal question jurisdiction, and then dismiss the Complaint because
Plaintiff asserts only state law claims that are preempted by ERISA.  Danca v. Private Health
Care Systems, 185 F.3d 1 (1st Cir. 1999).

[2] As a threshold matter, this Court may consider all of the documents referred to by Plaintiff in
her Complaint without converting this 12(b)(6) Motion to Dismiss into a Rule 56 Motion for
Summary Judgment.  As such, this Court may consider the Policy without converting this motion
into a motion for Summary Judgment  Beddal v. State Street Bank and Trust Company, 137 F.3d
12, 17 (1st Cir. 1998)("When...a complaint's factual allegations are expressly linked to—and
admittedly dependent upon—a document [the authenticity of which is not challenged] that
document effectively merges into the pleadings and the trial court can review it in deciding a
motion to dismiss under Rule 12(b)(6)").
F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

6. After reviewing the additional information Plaintiff submitted with her appeal, LINA issued a final denial of Plaintiff's claim on May 12, 2004. Complaint ¶ 15.

## ARGUMENT

### I.     STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual claims and must make all reasonable inferences in favor of the Plaintiff. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). If, under any theory of law, Plaintiff's factual allegations are insufficient to state a claim, then the Court must grant Defendants' motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). While all inferences must be made in Plaintiff's favor, the Court "need not accept 'bald assertions, unsupportable conclusions, periphrastic and the like." Aulson, 83 F.3d at 3.

### II.    ALL OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA

The claims asserted in Plaintiff's Complaint all arise out of the disability insurance policy covering Adelphia's employees, including the Plaintiff. Complaint at P. 1 and ¶ 1. The disability insurance plan constitutes an "employee welfare benefit plan" under ERISA.[3] Federal law provides that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[4] 29 U.S.C. §1144(a); e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). This provision is to be read expansively and has the effect of preempting

---

[3] "Employee Welfare Benefit Plan" is defined in pertinent part: "...as any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing...(A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment..." 29 U.S.C. §1002(1) (emphasis added).

[4] "'Employee benefit plan' . . . means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both. . .." 29 U.S.C. §1002 (3).

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

any state law that refers to, or has a connection with, covered benefit plans "even if the law is not specifically designed to affect such plans, or the effect is only indirect." District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125 (1992); see also, Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-139 (1990); FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990) ("the [ERISA] preemption clause is conspicuous for its breadth"); Rosario Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120 (1st Cir. 1995).

A claim "relates to" an ERISA plan if either (1) the plaintiff must plead the existence of an ERISA plan in order to prevail; or (2) the Plaintiff's claim conflicts directly with an ERISA cause of action. Vartanian v. Monsanto, 14 F.3d. 697, 700 (1st Cir. 1994), citing Ingersoll-Rand Co., 498 U.S. at 140-42. In the instant action, as in Vartanian, Plaintiff must and in fact did, plead the existence of an ERISA plan. Complaint at P. 1, ¶ 1, and 17. In addition, each and every paragraph contained in the fact section of the Complaint relates directly to Plaintiff's claim for and LINA's denial of disability benefits pursuant to the Plan. Furthermore, Plaintiff's prayer for relief specifically seeks "money damages for disability income."[5] Complaint at P. 10. As such, all of Plaintiff's claims relate to an ERISA plan and are preempted.

## III.    COUNT I: PLAINTIFF'S CONTRACT AND M.G.L. c. 93A CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED

In Count I of Plaintiff's Complaint she asserts a claim for breach of contract against LINA for "Violation of contractual obligations." Complaint, Count 1 at P. 9. Plaintiff also alleges a claim against LINA pursuant to M.G.L. c. 93A. Complaint ¶ 20. As explained in Section II above, these claims are preempted by ERISA. Moreover, the First Circuit has

---

[5] Plaintiff's Complaint also seeks "(2) treble damages and attorneys' fees under 93A; (3) costs of suit award of attorneys fees [sic] and (4) such other relief as the Court deems just," but these are all premised upon Plaintiff's claim for "money damages for disability income." Complaint p. 10.

explicitly stated that both contract claims and 93A claims are preempted by ERISA. Turner v. Fallon Community Health Plan, Inc., 127 F. 3d 196 (1st Cir. 1997) (ERISA preempts a state law breach of contract); Hotz v. Blue Cross and Blue Shield of Massachusetts, 292 F.3d 57 (1st Cir. 2002) (ERISA preempts M.G.L. c. 93A claim); accord Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (ERISA preempts claims for common law breach of contract and bad faith). Even if Plaintiff could prove every allegation in her Complaint, ERISA would still preempt Plaintiff's "violation of contractual obligations" claim and Plaintiff's M.G.L. c. 93A claim. For these reasons, the claims alleged in Count I must be dismissed.

## IV. COUNT II: PLAINTIFF'S CIVIL RIGHTS AND BREACH OF EMPLOYER-EMPLOYEE LAWS CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AND EVEN IF SHE DID, THEY ARE PREEMPTED

Count II of Plaintiff's Complaint asserts a claim for "violation of civil rights and breach of employer-employee laws." Complaint, Count II at P. 9. The only factual averment in the Complaint with respect to Count II is the bald assertion that Plaintiff was wrongfully discharged in violation of her civil rights. Complaint ¶ 18. The only other reference in the Complaint to Plaintiff's civil rights is in the introductory paragraph and states Plaintiff maintains an action for "violation of her civil rights in the discrimination by her employer Defendant Adelphia for wrongful acts in denial of her rights and illegal termination of her employment." Complaint at P. 1.

Plaintiff's Complaint does not assert that Plaintiff is a member of a protected class, nor does it identify any facts that would, even with the most generous reading, constitute a violation of Plaintiff's civil rights. Plaintiff's Complaint does not even state how or when Plaintiff was terminated, it only suggests that, "Adelphia . . . improperly and illegally terminated her employment by assisting in the demand of disability income payments." Complaint ¶ 25.

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

"Assisting in the demand of disability income payments" does not constitute a violation of civil rights under any law. Likewise, Plaintiff's bald assertion that she was wrongfully discharged in violation of her civil rights is insufficient to state a claim under federal or state law. See, Kosereis v. Rhode Island, 331 F.3d 207, 212-13 (1st Cir. 2003) (requirements to state a claim for civil rights violations in an employment relationship under federal law); Delmonte v. Laidlaw, 46 F.Supp.2d 89 (D.Mass. 1999) (requirements to state a claim for civil rights violations in an employment relationship under Massachusetts state law). This Court must dismiss the claims alleged in Count II because Plaintiff fails to state a claim.

Even if the Court could somehow construe Plaintiff's allegations as stating a claim for a violation of civil rights due to wrongful discharge, such a claim is preempted by ERISA. See Section II, supra. Moreover, the First Circuit has explicitly stated that a claim for wrongful discharge is preempted by ERISA. Fitzgerald v. Codex Corporation, 882 F.2d 586 (1st Cir. 1989)(ERISA preempts state law claims for wrongful discharge).[6] For these reasons, this Court must dismiss the claims alleged in Count II.

## V.    COUNT III:  PLAINTIFF BREACH OF FIDUCIARY DUTY CLAIM MUST BE DISMISSED BECAUSE SHE FAILS TO STATE A CLAIM AND EVEN IF SHE DID, THE STATE LAW CLAIM IS PREEMPTED AND THE ERISA CLAIM IS BARRED

Count III of Plaintiff's Complaint asserts a claim for "breach of fiduciary duty" pursuant to ERISA and Common Law. Complaint, Count III at P. 10. Plaintiff's common law claim must be dismissed because it is preempted. Dudley Supermarket, Inc. v. Transamerica Life Insurance and Annuity Company, 302 F.3d 1 (1st Cir. 2002); see also Section II, supra. Plaintiff's ERISA

---

[6] Count II of Plaintiff's Complaint also suggests a negligence claim stating, Adelphia "failed to obey ordinary standards of care as an employer." Complaint ¶ 22. Even if Plaintiff could establish such a claim, it would be preempted by ERISA. See Turner v. Fallon Community Health Plan, Inc., 127 F. 3d 196 (1st Cir. 1997) (ERISA preempts a state law tort claims for negligence).

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

claim for breach of fiduciary duty must be dismissed because (1) Plaintiff fails to state a claim and (2) Plaintiff's claim is barred by alternative ERISA remedies.

A.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiff claims that Adelphia breached its fiduciary duty by failing to offer advice. Complaint ¶ 17. Plaintiff's Complaint asserts that Adelphia "violated its fiduciary duty by remaining mute and pretending to be thoughtful." Id. First, there is no affirmative fiduciary duty under ERISA to offer advice. 29 U.S.C. § 1104. Second, even if there were such a fiduciary duty, Plaintiff fails to state a claim for breach of fiduciary duty pursuant to ERISA.

The are only two ways a participant may bring a claim for breach of fiduciary duty pursuant to ERISA:

(1)  A participant may bring a claim pursuant to Section 502(a)(2) on behalf of the Plan for "appropriate relief under section 409." ERISA § 502(a)(2).

OR

(2)  A participant may bring a claim on behalf of him or herself pursuant to Section 502(a)(3) but only where the individual seeks equitable relief and has no adequate remedy elsewhere. Varity Corp. v. Howe, 516 U.S. 489, 507-512 (1986).

In the instant case, Plaintiff is not seeking recovery on behalf of the Plan, Plaintiff is seeking "money damages for disability income" for herself. Complaint at P. 10. Nor is Plaintiff seeking equitable relief; rather, Plaintiff is specifically seeking money damages for the denial of disability benefits. Id. Furthermore, Plaintiff does not assert that she "has no adequate remedy elsewhere," to the contrary, she asserts remedies under a panoply of legal theories. As such, the claims alleged in Count III of Plaintiff's Complaint must be dismissed for failure to state a claim.

B.   PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTIES IS BARRED
     BY THE AVAILABILITY OF ADEQUATE ERISA REMEDIES ELSEWHERE

Plaintiff is barred from pursuing any remedies under Section 502(a)(3) because she has

an adequate remedy under Section 502(a)(1)(B).  See, LaRocca v. Borden, 276 F.3d 22 (1st Cir.

2002); accord, Varity Corp. v. Howe, 516 U.S. 489 (1996).  Plaintiff's entire Complaint is

premised on the denial of disability benefits to Plaintiff and consequently seeks money damages

for disability income.  Complaint at P. 10.  As such, Plaintiff has an adequate remedy pursuant to

Section 502(a)(1)(B) for the recovery of benefits she believes she is due.

The First Circuit has established that when a plaintiff can pursue benefits under a plan

pursuant to ERISA Section 502(a)(1)(B), then "equitable relief" under ERISA Section 502(a)(3)

is not "appropriate."  See, LaRocca, 276 F.3d at 28-29; citing, Varity Corp., 516 U.S. at 512.

Relying on the Supreme Court's holding in Varity Corp. v. Howe, this Court concluded:

> Varity circumscribes the applicability of Section [502] (a)(3); '[w]here Congress
> elsewhere provided adequate relief for a beneficiary's injury, there will likely be
> no need for further equitable relief...' (citations omitted)...  Following this
> guidance, federal courts have uniformly concluded that, if a plaintiff can pursue
> benefits under the plan pursuant to Section [502] (a)(1), there is an adequate
> remedy under the plan which bars a further remedy under Section (a)(3)...

Larocca, 276 F.3d at 28.

This Court made it clear that its Larocca holding bars a claim under Section 502(a)(3)

even if a Plaintiff's claim for benefits under Section 502(a)(1)(B) ultimately fails.  Larocca, 276

F. 3d at 29.  Larocca also makes it clear that even the "unrealized prospect" of relief under

Section 502(a)(1)(B) bars a claim under Section 502(a)(3).  Larocca, 276 F. 3d at 29; citing, Katz

v. Comprehensive Plan of Group Insurance, 197 F.3d 1084, 1088-89 (11th Cir. 1999).  As such,

Plaintiff's alleged ERISA claim for breach of fiduciary duty must be dismissed because it is

barred by the availability of an adequate remedy pursuant to Section 502(a)(1)(B).  For these

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

reasons, the Plaintiff's state law and ERISA claims for breach of fiduciary duty must be dismissed.

## VI.   COUNT IV:  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EMPLOYMENT CONTRACT AND EVEN IF SHE DID, IT IS PREEMPTED

Count IV of Plaintiff's Complaint asserts a claim for "Breach of employment contract" against Adelphia.  Complaint, Count IV, at P. 10.  However, Plaintiff fails to identify any employment contract, the terms thereof, or the manner in which Adelphia breached the alleged contract.  As this Court has stated:

> Dismissal is warranted also because of the total inadequacy of the only allegation by plaintiffs that even arguably touches on the existence of an employment contract. Specifically, the complaint states merely that "[d]efendant's constructive discharge of [employee] breached an implied and/or written employment contract," without identification of either the pertinent terms of the purported contract, or the manner in which [employer's] conduct is said to have breached those terms. Such a "bald assertion" is insufficient against a Rule 12(b)(6) motion.

Delmonte v. Laidlaw Environmental Services, Inc., 46 F.Supp.2d 89, 92 (D.Mass. 1999) (internal citations omitted) (dismissing Plaintiff's breach of employment contract claim pursuant to Rule 12(b)(6) for failure to state a claim).

Plaintiff's claim for breach of employment contract must be dismissed because Plaintiff fails to state a claim upon which relief can be granted.  Furthermore, as was discussed in Section II, supra, ERISA preempts Plaintiff's contract claims.  Fitzgerald v. Codex Corporation, 882 F.2d 586 (1st Cir. 1989) (ERISA preempts state law contract and tort claims against Plaintiff's former employer for wrongful discharge).  For these reasons, the Court must dismiss the claims alleged in Count IV.

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

## VII.   CIGNA GROUP INSURANCE IS NOT A PROPER PARTY TO THIS SUIT

Defendant Cigna Group Insurance ("Cigna") moves this Court to strike Cigna as a defendant in this case pursuant to Rule 12(f), or in the alternative to dismiss the suit against Cigna pursuant to Rule 12(b)(6), because it is not a proper party to this action. See, e.g., Curran v. City of Boston, 777 F. Supp. 116, 119-120 (D. Mass. 1991)(Rule 12(b)(6) relied on to dismiss an improperly named party where City of Boston held 'not a suable entity'). Plaintiff names both Cigna and Life Insurance Company of North America ("LINA") in her Complaint, but errs by referring to them collectively as "Cigna" throughout the Complaint.

Cigna is not a legal entity subject to suit since it is not a corporation organized under the laws of any state, or nation. LINA, not Cigna, provided coverage to Plaintiff through the policy attached hereto as Exhibit A. The Policy clearly identifies "Life Insurance Company of North America" as the entity that issued the Policy. See, Exhibit A. Insofar as any entity *might* be liable for Plaintiff's claim for benefits, that entity would be LINA. For these reasons, Cigna is an improper party to this suit and must be dismissed or stricken as a Defendant.

### CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss Plaintiff's claims in Count I because they are preempted by ERISA; the claims in Count II because Plaintiff fails to state a claim and even if she did they are preempted; the claims in Count III because Plaintiff fails to state a claim and even if she did, the state law claim is preempted and the ERISA claim is barred; and the claims in Count IV because Plaintiff fails to state a claim and even if she did it is preempted. Furthermore, Defendants respectfully request that this Court

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

strike, or in the alternative dismiss, Cigna from this case because Cigna is not a proper party.

Respectfully submitted,

DEFENDANTS ADELPHIA and
CINGA GROUP INSURANCE and its
affiliate LIFE INSURANCE COMPANY OF
NORTH AMERICA,

By its Attorney,

David B. Crevier, BBO# 557242
Theodore F. Glockner, BBO # 629469
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: 413-787-2400
Fax: 413-781-8235
Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I, Theodore F. Glockner, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this 12th day of November, 2004.

Theodore F. Glockner

F:\Files\CIGNA\Kadim\Memo in Support of Motion to Dismiss.doc

11