IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA KADIM<br>Plaintiff,<br><br>v.<br><br>ADELPHIA and<br>CIGNA GROUP INSURANCE<br>and its affiliate Company LIFE<br>INSURANCE COMPANY OF<br>NORTH AMERICA<br>Defendants. | Civil Action No. 04 CV 12383 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION OPPOSING REMOVAL

Defendant Cigna Group Insurance Company and its affiliate Life Insurance Company of North America ("LINA") and Defendant Adelphia ("Adelphia") file this memorandum in support of their Opposition to Plaintiff's Motion Opposing Removal to U.S. District Court pursuant to Rule 7.1(b)(2) of Local Rules of United States District Court for the District of Massachusetts. The Court must deny Plaintiff's Motion Opposing Removal to U.S. District Court because this Court has proper jurisdiction over Plaintiff's claims.

## INTRODUCTION

Plaintiff filed this case in Gloucester State Court on October 12, 2004. Defendants timely removed Plaintiff's Complaint to Federal District Court on the basis of federal question jurisdiction because Plaintiff's claims arise out of an employer issued disability insurance plan governed by ERISA. In response to Defendants' removal, Plaintiff filed a Motion Opposing Removal to U.S. District Court. Plaintiff should have filed a Motion to Remand pursuant to 28

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

1

U.S.C. §1447(c). Because we expect that the Court may treat Plaintiff's Motion Opposing Removal to U.S. District Court (hereinafter "Motion to Remand") as a Motion to Remand, we file this memorandum in support of our Opposition to Plaintiff's Motion to Remand.

## ARGUMENT

### A.   JURISDICTION IS PROPER IN THIS COURT

Jurisdiction is proper in this Court because (1) this Court has federal question jurisdiction over Plaintiff's claims and it is apparent on the face of the Complaint and (2) this Court has jurisdiction over any otherwise non-removable claims brought in conjunction with Plaintiff's removable claims.

In her Motion to Remand, Plaintiff argues that remand is appropriate because "the claim . . . has no exclusive federal jurisdiction." Motion to Remand ¶ 1. Whether or not there is exclusive federal jurisdiction is irrelevant. The Defendants' removal from state court to federal court is proper so long as there is federal jurisdiction that can be ascertained from the face of the state court Complaint. See 28 U.S.C. §§ 1441(a), 1446(a); Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999). In this case, the Court's federal question jurisdiction is apparent on the face of Plaintiff's Complaint. 28 U.S.C. § 1331.

Plaintiff's Complaint[1] specifically pleads the existence of an ERISA Plan out of which Plaintiff's claims arise. Complaint ¶ 1; See also Complaint at P. 1; Plaintiff's Motion to Remand ¶1. The ERISA Plan, a disability insurance policy, constitutes an "employee welfare benefit plan" under and subject to ERISA. 29 U.S.C. §1002(1). Each and every paragraph contained in

---

[1] Plaintiff's Motion to Remand references an Amended Complaint that Plaintiff's Attorney subsequently indicated to the Court he was not going to file. See letter dated November 17, 2004 from Attorney Dean Harrison to this Court, attached hereto as Exhibit A. Therefore all references to the Complaint in this memo are to the original Complaint.

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

2

the fact section of the Complaint relates directly to Plaintiff's claim for and LINA's denial of disability benefits pursuant to the ERISA Plan. Furthermore, Plaintiff's prayer for relief seeks "money damages for disability income."[2] Complaint at P. 10.

In other words, Plaintiff is seeking "to recover benefits due to her under the terms of her Plan," ERISA § 502(a)(1)(B), a claim over which the federal district court has jurisdiction. ERISA § 502(e)(1); Plaintiff's Motion to Remand ¶ 3. Likewise, Plaintiff's Complaint asserts an ERISA claim for breach of fiduciary duty, Complaint ¶ 24, over which the Federal Court has exclusive jurisdiction. ERISA § 502(e)(1). Claims under ERISA regulated plans [should] be treated as federal questions governed by [ERISA]. Danca v. Private Health Care Systems, 185 F.3d 1, 6 (1st Cir. 1999), citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987). As such, this Court has federal question jurisdiction over Plaintiff's claims. Danca, 185 F.3d at 4-6 (removal of plaintiff's complaint alleging only state law negligence claims against plan administrators was proper).

In addition, Plaintiff suggests the removal of non-ERISA claims is inappropriate. Motion to Remand ¶ 2, 4. While Defendants deny that Plaintiff's Complaint states anything other than ERISA claims,[3] even if it did, this Court would still have proper jurisdiction over any alleged state law claim brought in conjunction with Plaintiff's ERISA claim for "money damages for disability income."[4] Complaint at P. 10; See 28 U.S.C. § 1441(c) ("whenever a separate and

---

[2] Plaintiff's Complaint also seeks "(2) treble damages and attorneys' fees under 93A; (3) costs of suit award of attorneys fees [sic] and (4) such other relief as the Court deems just," but these are all premised upon Plaintiff's claim for "money damages for disability income." Complaint at P. 10.

[3] See Defendants Memorandum in Support of their Motion to Dismiss.

[4] Plaintiff's Complaint also seeks "(2) treble damages and attorneys' fees under 93A; (3) costs of suit award of attorneys fees [sic] and (4) such other relief as the Court deems just," but these are

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

3

independent claim or cause of action within the jurisdiction conferred by § 1331[federal question jurisdiction] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein"). As such, this Court has proper jurisdiction over all of Plaintiff's claims and this Court must deny Plaintiff's Motion to Remand.

Moreover, contrary to Plaintiff's assertions in the Motion to Remand and Attorney Harrison's letter to the Court, Plaintiff's Complaint states an entitlement to significantly more than $15,000.00 by alleging a claim for treble damages in addition to money damages for disability income. Motion to Remand ¶ 1; November 15, 2004 letter from Attorney Harrison to the Court, attached hereto as Exhibit B; Complaint P. 10. The amount of Plaintiff's claim is at least $45,000.00, not nearly as minimal as her Motion to Remand suggests. Furthermore, because the Court has federal question jurisdiction over this matter, the amount in controversy is irrelevant.

**B.    FEDERAL JURSIDICTION IS PROPER REGARDLESS OF WHAT PLAINTIFF PLEADS IN HER COMPLAINT**

Plaintiff suggests that remand is appropriate if there are no references to ERISA in the Complaint and/or Plaintiff removes all references to ERISA from her Complaint. Motion for Remand ¶ 2, 4. As discussed above in Section A, Plaintiff is clearly seeking to enforce her rights under the ERISA Plan regardless of whether or not she cites ERISA or actually calls the policy an ERISA plan. Complaint P. 1 and ¶ 1. In order for Plaintiff to assert a claim for disability benefits she must plead the existence of an employee welfare benefit plan, which is by definition governed by ERISA and subject to federal question jurisdiction. See 29 U.S.C. §1002(1).

---

all premised upon Plaintiff's claim for "money damages for disability income." Complaint at P. 10.
F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

4

Furthermore, "[w]here a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded." Danca, 185 F.3d at 4 (1st Cir. 1999)(where defendants demonstrate that plaintiff's state law claims seek to enforce ERISA rights, removal is proper). Congress has made it clear that the federal court has exclusive jurisdiction over ERISA claims for breach of fiduciary duty. ERISA § 502(e)(1). Therefore, even if Plaintiff dismissed that particular allegation and relied on a common law breach of fiduciary duty claim, as suggested in her Motion to Remand ¶ 4, it would be deemed a federal claim and jurisdiction would still be proper in this Court. As such, Plaintiff's Motion to Remand must be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion to Remand because this Court's federal question jurisdiction is proper and apparent on the face of the Complaint.

Respectfully submitted,

DEFENDANTS ADELPHIA and
CINGA GROUP INSURANCE and its
affiliate LIFE INSURANCE COMPANY OF
NORTH AMERICA,

By their Attorney,

David B. Crevier, BBO# 557242
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: 413-787-2400
Fax: 413-781-8235
Email: dcrevier@crevierandryan.com

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

## CERTIFICATE OF SERVICE

I, David B. Crevier, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this 2⁴ day of November, 2004.

David B. Crevier

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

# Exhibit A

## DEAN W. HARRISON
5 Rocky Pasture Road
Gloucester, MA 01930

Civil Clerk
U.S. District Court
1 Courthouse Way
Boston, MA 02210

Re: Kadim vs. Life Insurance Company of North America
No. 04CV12387

November 17, 2004

Dear Clerk of Court,

I have received the voluminous Defendant's motion to Dismiss Plaintiffs Complaint. My wife and I have planned for a year to journey to Florida through Thanksgiving. I have not been able to research the citations yet and prepare my response, which would take two weeks after Thanksgiving.

I am acting pro bono here as a retired lawyer and have no ability to substitute anyone in the interim. I have requested the Defendant's law firm to agree to a continuance until the middle of December. Mr. Crevier has agreed subject to your consent. I thank you. Also enclosed is my readmittance form and $25.00.

In my last letter to the Court I indicated that I was planning on filing an Amendment to the Complaint. I did not and do not intend to do so.

Very truly yours,

Dean W. Harrison
978-283-5614

cc: Kate Parsons
    Attorney for Defendant

# Exhibit B

Dean W. Harrison
5 Rocky Pasture Road
Gloucester, Mass. 01930
(978) 283-5614

Judge O'Toole Civil Clerk
United States District Court
1 Courthouse Way
Boston, Mass. 02210

November 15, 2004

Re: Kadim vs. Adelphia/Cigna

File # 04-12383-GAO

Dear Madam/Sir,

Enclosed is the following:
Motion in Opposition to Remove to the U.S. District Court

As stated in the motion filed by undersigned, the claim by Plaintiff's of approximately $15,000.00, is hardly the stuff of a U.S. District Court action. U.S. Congress in its wisdom made cases of this type subject to concurrent jurisdiction, obviously understanding that the Federal Courts should not be burdened with actions that are not of Federal import or complexity, no matter how anguishing they might be to a Plaintiff.

By the way, the Gloucester District Court Judge allowed the filing without payment of the usual fee because of my representation of her state of indigency. She simply cannot afford to travel to Boston, so far away from her children, and she can walk to the Gloucester Court from her mother's home. I have offered a settlement of the payment of the amount owed for disability without any fee to me, and that offer still stands even though my time charges are now reaching approximately $5,000.00. I would not take any fee for my services, relying on the 93A charge for my fees were it to go to trial and not taking any fee for a full settlement made soon.

In conclusion, I seriously doubt that in the entire U.S. District Court history has there been a case involving $15,000.00 on a charge of improper denial of a disability claim. The count on wrongful termination lies in state law. No need to start now and experienced attorneys representing a powerful corporation against an indigent Plaintiff should not escape from what they fear for whatever reason and force her into the expense (not to mention the burden on the U.S. Court) and complexity of a Federal Court. As mentioned in the motion, Adelphia has an office in Gloucester in which Plaintiff Kadim worked and the insurance policy issued by Defendant Cigna covered her there. What is

the mystery or wrong of a State District Court judge trying a civil case without a jury here where the locus is correct and apparent. In order that the U.S. District Court judge feel more secure in denying the removal, I am today filing an amendment to my complaint deleting on page 2 first paragraph entitled Parties and Jurisdiction starting with the words "claims under..." and ending with the words "as is the case herein". Thus, no ERISA claim now will exist. By the way no claim under ERISA was made against Cigna, and so presently they have no standing to assert the removal, but I will obviate any such claim in the future and not burden this court further. I shall send you a copy of the amended complaint for your records. (copy enclosed)

Sincerely,

*[signature]*

Dean W. Harrison

## SERVICE AFFIDAVIT

Attorney Dean W. Harrison states under penalty of perjury that he has transmitted the accompanying letter and Motion to Deny Removal to attorneys representing Cigna Group by first class mail postage prepaid on November 15, 2004 *(Amended Complaint also enclosed)*

_____
Dean W. Harrison