IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA KADIM ) | Date 11/29/04 |
| ) | By /s/ |
| Plaintiff, ) | Deputy Clerk |
| ) | |
| v. ) | Civil Action No. 04 CV 12383 |
| ADELPHIA ) | |
| ) | |
| CIGNA GROUP INSURANCE ) | |
| And its affiliate Company LIFE ) | |
| INSURANCE OF NORTH AMERICA ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S MOTION TO REMAND CASE TO GLOUCESTER DISTRICT COURT

At an early age in virtually every child utters or hears the remark that what is happening "is not fair." Later in life he or she hears and learns that "life is not always fair." The U.S. District Court and the Gloucester District Courts are in existence generally to acting "fair" or in each specific instance they deal with, a microcosm if you will, of making sure that the process and the results are equitable. Congress, however, is in the process of making sure that matters such as legislation are established over a broad macrocosm basis, the entire country, as it were. Admittedly, fairness for one person or one group might not be seen the same by others, the criminal code or the tax laws as examples, but the general rules are valid.

Congress in its wisdom provided concurrent jurisdiction in this case, which the Plaintiff has pointed out and the Defendants have ignored for obvious reasons, but if read closely, they admit it. Why does Congress authorize concurrent jurisdiction when it does

not do so in the majority of U.S. Statutory laws? The answer is simple and logical when one agrees that Congress tries to do the best for the majority of its citizens. Most of if not a vast majority of Congressmen and Senators are lawyers, in our delegation probably all of them. They and their fellow legislators understand very well the expense of appearing in a Federal Court, the time and complexity of actions in that forum. They understand the absolute necessity of Federal Courts protecting the largest segment of the community; securities laws, corporate greed and criminal activities, drug, health, environmental and communications, terrorism, education, etc. These are enormous tasks with which to engage. They also understand that an average situation in a small community with one person, an indigent, here her own family situation with two children and a father she chases each month for support. Congress understands these tragedies and allows such cases to be tried in state courts with state judges in the very community where defendants do business and where the Plaintiff works and lives, as the case here.

Other than Congress requiring that the U.S. Courts deal with major cases of national consequences, and the expense for its average citizens, it looks for avoidance of multiple lawsuits. The actions herein for wrongful termination under counts II and IV sound solely under state law, state constitution and state civil rights acts. Nowhere does it invoke a federal remedy. Plaintiff has read Defendants Motion on the Pleadings. Plaintiff has considered deleting counts II and IV as noted by the accompanying motion. By remanding the case the U.S. District court avoids extra expense and multiplicity of law suits, a result which Plaintiff feels Congress would applaud, noting the objectives of concurrent jurisdiction.

In conclusion, the Plaintiff cannot afford to travel to Boston at all, the attorney does not regularly do business there and will have expenses which for a which a pro-bono situation are also unfair.

It is submitted that this case cries out to be lodged in the state court in Gloucester where all the parties have contractual obligations and live or do business.

Respectfully Yours,

Dean W. Harrison
5 Rocky Pasture Road
Gloucester, Mass. 01930
Telephone (978) 283-5614
Email ndharri@earthlink.net

## CERTIFICATE OF SERVICE

I, Dean W. Harrison, hereby certify that I have served a copy of the foregoing on the defendant by mailing a copy, by first class mail, postage prepaid, to the address of her attorney of record, this 26, day of November, 2004.

Dean W. Harrison