IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA KADIM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>ADELPHIA )<br>)<br>CIGNA GROUP INSURANCE )<br>And its affiliate Company LIFE )<br>INSURANCE OF NORTH AMERICA )<br>)<br>Defendants )<br>) | Civil Action No. 04 CV 12383 GAO |

## REPLY TO LETTER BY CREVIER AND RYAN TO THE GLOUCESTER DISTRICT COURT AND REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION APPROVING REMOVAL.

### STATEMENT

First, Attorney for Plaintiff Kadim was on vacation during the entire flap with the Gloucester District Court, and had no opportunity to cheer the Gloucester Court on, but does now.

The earlier gambit, by Defendants without furnishing even the minimum of citations to the Gloucester District Court is nothing short of temerity and emphasizes the validity of Plaintiff's claim that Plaintiff Kadim was and still is the object of a classic example of unequal bargaining power and oppressive behavior based on superior wealth and status. Might should never equal right in any Court of this nation.

Defendant Adelphia, while Plaintiff Kadim was incapacitated, experienced the jailing of its senior executives for Federal securities violations and criminal theft for raiding the coffers. It was forced into Chapter 11. Yet the Defendants continue to act in an imperious manner to courts and to Plaintiff Kadim. Their attorneys scoff at the contention that there exists a contractual agreement between Defendant Adelphia and

Plaintiff Kadim, which was clearly employer and employee. For centuries there exists a contract between the two. With apparently a straight face Defendant Adelphia in its latest response states that advice to a beneficiary/worker is not a requirement in an ERISA Plan managed by the fiduciary which also happens to be the Trustor/Boss/Trustee. It is akin to suggesting that silence and unresponse by a fiduciary can never be actionable. It clearly is so when it constitutes a denial of contractual rights. Naturally there are no citations by Defendant to back up such suggestion made improperly in a summary process when all facts are to be taken in favor of the opposing party to the motion. The acts and nonacts are facts to be decided by the Court.

Plaintiff has never suggested that the U.S. District Court has no right to assume jurisdiction; it is suggested that the court should decline to take the case. In addition, the 93A treble damages argument has been dropped from the disability claim. But is it not interesting that suddenly Defendant in a bizarre alternative pleading resurrects the treble damages action it so deplored in earlier pleadings. Any port in a storm describes this desperate maneuver.

Defendants have finally shown their colors after a display of bombast and legerdemain and without bringing attention to the courts time period allowed for removal. This case remains essentially one of a claim less than $ 15,000, where an indigent Plaintiff is represented by a pro bono lawyer who demands no fee of her and expects none. The Plaintiff has been in Boston three times in the past two decades, all to take care of her ailing son in the hospital. The U.S. District Court has discretion to send this case back "from whence it came", a local case back to the locale where it emerged. Such a decision is respectfully suggested with equal fervor as that of Defendants, and it is meet and right so to do.

Submitted by her Attorney,

November 29, 2004

DEAN W. HARRISON
BBO #223700
5 Rocky Pasture Road
Gloucester, Mass. 01930
Telephone (978) 283-5614
Email ndharri@earthlink.net

## CERTIFICATE OF SERVICE

    I, Dean W. Harrison, hereby certify that I have served a copy of the foregoing on the defendants by mailing a copy, by first class mail, postage prepaid, to the address of their attorney of record, this 29th, day of November, 2004.

_____
Dean W. Harrison