IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULA KADIM<br>    Plaintiff,<br><br>v.<br><br>ADELPHIA and<br>CIGNA GROUP INSURANCE<br>and its affiliate Company LIFE<br>INSURANCE COMPANY OF<br>NORTH AMERICA<br>    Defendants. | Civil Action No. 04 CV 12383 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Cigna Group Insurance Company and its affiliate Life Insurance Company of North America ("LINA") and Defendant Adelphia ("Adelphia") file this memorandum in support of their Opposition to Plaintiff's Motion to Remand pursuant to Rule 7.1(b)(2) of the Local Rules of United States District Court for the District of Massachusetts. Defendants respectfully request that this Court deny Plaintiff's Motion to Remand because this Court has exclusive jurisdiction over Plaintiff's ERISA based breach of fiduciary duties claims and proper jurisdiction over Plaintiff's remaining claims.

## INTRODUCTION

Plaintiff filed this case in Gloucester State Court on October 12, 2004. Defendants timely removed Plaintiff's Complaint to Federal District Court on the basis of federal question jurisdiction because Plaintiff's claims arise out of an employer issued disability insurance plan governed by ERISA. In response to Defendants' removal, Plaintiff filed a Motion Opposing

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

1

Removal to U.S. District Court. Because Defendants expected that the Court would treat Plaintiff's Motion Opposing Removal to U.S. District Court as a Motion to Remand, Defendants filed a Motion in Opposition to Plaintiff's Motion Opposing Removal. Subsequently, Plaintiff filed a Motion to Remand. Due to Plaintiff's filing of a formal Motion to Remand and at the recommendation of Judge O'Toole's docket clerk, we file this Opposition to Plaintiff's Motion to Remand with supporting memorandum to preserve our right to oppose Plaintiff's Motion.

## ARGUMENT

Remand of properly removed claims is permitted under only two circumstances: (1) if the Federal Court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c); or (2) the Court may remand separate and independent state law claims without any independent federal jurisdiction that were nonetheless properly removed in conjunction with removable claims pursuant to 28 U.S.C. § 1441(c). See Carnegie Mellon University v. Cohill, 484 U.S. 343, 259 (1988). There are no appropriate grounds on which to remand this case because (1) this Court maintains exclusive jurisdiction over Plaintiff's breach of fiduciary duty claim; (2) this Court maintains federal question jurisdiction over all of Plaintiff's claims; and (3) Plaintiff's Complaint does not assert any "separate and independent" state law claims.

### A. DEFENDANTS' REMOVAL WAS PROPER

The Defendants' removal from state court to federal court is proper so long as there is federal jurisdiction that can be ascertained from the face of the state court Complaint. Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999); See 28 U.S.C. §§ 1441(a), 1446(a). In this case, as detailed below, this Court's federal question jurisdiction is apparent on the face of Plaintiff's Complaint. 28 U.S.C. § 1331.

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

B. **THE COURT MAY NOT REMAND THIS CASE BECAUSE THE FEDERAL COURT MAINTAINS SUBJECT MATTER JURISDICTION OVER EACH AND EVERY CLAIM**

Plaintiff's Complaint contains three claims: (1) a claim for breach of fiduciary duties under an ERISA Plan, Complaint, Count III, P. 10; (2) a claim for disability benefits under an ERISA Plan, Complaint, Count I, P. 9; and (3) a claim for wrongful termination against Adelphia for "assist[ing] and abet[ing the] denial of claims of disability by Plaintiff, improperly and illegally terminat[ing] her employment by assisting in the demand of disability income payments", Motion to Remand at P. 2; Complaint, Counts II and IV, P. 9-10. Each one of these claims is subject to the federal question jurisdiction of this Court and as such may not be remanded.

    1. **THIS COURT MAINTAINS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM**

Plaintiff's Complaint specifically asserts an ERISA claim for breach of fiduciary duty. Complaint, Count III at P. 10. Contrary to Plaintiff argument that there is concurrent jurisdiction over all of Plaintiff's claims in this case, Motion to Remand at P. 1, the Federal Court maintains exclusive federal question jurisdiction over breach of fiduciary duty claims. ERISA § 502(e)(1). As such, this Court has exclusive jurisdiction over Plaintiff's breach of fiduciary duty claim and it cannot be remanded to State Court.

    2. **THIS COURT MAINTAINS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIM FOR DISABILITY BENEFITS**

Plaintiff's Complaint specifically claims disability benefits under an ERISA Plan. Complaint, Count I at P. 9; Complaint ¶ 1; Complaint at P. 1; See 29 U.S.C. §1002(1) (disability insurance plans established or maintained by an employer constitute an "employee welfare benefit plan" subject to ERISA). Moreover, Plaintiff's prayer for relief seeks only "money

damages for disability income."[1]  Complaint at P. 10.  This court has federal question jurisdiction over Plaintiff's claim "to recover benefits due to her under the terms of her Plan," ERISA § 502(a)(1)(B), pursuant to ERISA § 502(e)(1).  As such, Plaintiff's claim for disability benefits cannot be remanded to State Court.

3.  THIS COURT MAINTAINS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIM FOR WRONGFUL TERMINATION

Plaintiff argues that "the actions herein for wrongful termination under Counts II and IV sound solely under state law, state constitution and state civil rights acts." Motion to Remand at P. 2.  However, the only facts Plaintiff pleads in support of a claim for wrongful termination are contained in Count IV, asserting that Adelphia "assisted and abetted denial of claims of disability by Plaintiff, improperly and illegally terminated her employment by assisting in the demand of disability income payments." Complaint, Count IV at P. 10.  The only other references to Counts II and IV are blanket assertions that Plaintiff's civil rights have been violated, Complaint, Count II at P. 9 and P.1, and the assertion that Plaintiff is without a job and is seeking to "minimize damages claimed herein by reason of her wrongful termination of employment by and with attendant violation of her civil rights." Complaint ¶ 18; See Defendants' Motion to Dismiss for further discussion with respect to Plaintiff's failure to state a claim in Count II or IV.

Accordingly, like the rest of Plaintiff's claims, Plaintiff's claim for wrongful termination, arises from the denial of Plaintiff's application for disability benefits under the ERISA Plan and is subject to the federal question jurisdiction of this Court. ERISA § 502(e)(1); Danca v. Private Health Care Systems, 185 F.3d 1, 6 (1st Cir. 1999), citing Pilot Life Ins. Co. v. Dedeaux, 481

---

[1] Plaintiff's Complaint also seeks "(2) treble damages and attorneys' fees under 93A; (3) costs of suit award of attorneys fees [sic] and (4) such other relief as the Court deems just," but these are all premised upon Plaintiff's claim for "money damages for disability income." Complaint at P. 10.

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

U.S. 41, 56 (1987) ("claims under ERISA regulated plans [should] be treated as federal questions governed by [ERISA] § 502"). As such, Plaintiff's claim for wrongful termination cannot be remanded to State Court.

### C. PLAINTIFF'S COMPLAINT DOES NOT STATE ANY SEPARATE AND INDEPENDENT STATE LAW CLAIMS

As discussed above in B.1 and B.2., Plaintiff's claims for breach of fiduciary duty and disability benefits under the ERISA Plan fall squarely within this Court's federal question jurisdiction and are governed by federal law. As discussed above in B.3., on the face of the Complaint, Plaintiff's claim for wrongful termination arises out of the same facts -- the denial of Plaintiff's application for disability benefits - as Plaintiff's claims for breach of fiduciary duty and disability benefits under the ERISA Plan. Consequently, Plaintiff's Complaint contains no separate and independent state law claims. As such, none of Plaintiff's claims may be remanded to State Court.

### CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion to Remand because there are no grounds to support a proper remand.

Respectfully submitted,

DEFENDANTS ADELPHIA and
CINGA GROUP INSURANCE and its
affiliate LIFE INSURANCE COMPANY OF
NORTH AMERICA,

By their Attorney,

David B. Crevier, BBO# 557242
Crevier & Ryan, LLP
1500 Main Street, Suite 2020

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc

Springfield, MA 01115-5532
Tel: 413-787-2400
Fax: 413-781-8235
Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I, David B. Crevier, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this __3__ day of December, 2004.

_____
David B. Crevier

F:\Files\CIGNA\Kadim\Memo in Opp to Motion to Remand.doc