| Civil<br>**DOCKET** | | DOCKET NUMBER<br>**200439CV000270** | Trial Court of Massachusetts<br>rict Court Department |
|---|---|---|---|

**CASE NAME**
**PAULA KADIM  vs.  CIGNA GROUP INSURANCE AS IT IS AFFILATED CO OF LIFE INSURANCE OF NORTH AMERICA**

CURRENT COURT
Gloucester District Court
197 Main Street
Gloucester, MA 01930-6098
(978) 283-2620

| ASSOCIATED DOCKET NO. | DATE FILED<br>10/14/2004 | DATE DISPOSED<br>11/16/2004 | |
|---|---|---|---|

**PLAINTIFF(S)**

P01   PAULA KADIM
5 ROCKY PASTURE ROAD
GLOUCESTER, MA 01930

PLAINTIFF'S ATTORNEY

DEAN W. HARRISON
5 ROCKY PASTURE ROAD
GLOUCESTER, MA 01930
(978) 283-5614

**DEFENDANT(S)/OTHER SINGLE PARTIES**

D01   CIGNA GROUP INSURANCE   as it is AFFILATED CO OF LIFE INSUR
C/O ALELPHIA
38 BLACKBURN DRIVE
GLOUCESTER, MA 01930

DEFENDANT'S ATTORNEY

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 10/20/2004 | Complaint filed on 10/14/2004 at Gloucester District Court. |
| 2 | 10/20/2004 | Appearance for Paula Kadim filed by Attorney HARLEY K. HIESTAND 30 Leighton Rd Wellesley MA 02482-6951 BBO# 233700 |
| 3 | 10/20/2004 | Withdrawal of appearance for Paula Kadim filed by Attorney HARLEY K. HIESTAND |
| 4 | 10/20/2004 | Appearance for Paula Kadim filed by Attorney DEAN W. HARRISON 5 Rocky Pasture Road Gloucester MA 01930 BBO# 223700 |
| 5 | 10/20/2004 | Indigency request for waiver, substitution or payment by the Commonwealth of fees/costs entered on 10/14/2004 allowed (G.L. c.261 §27B) ( Mori, Hon. Richard A. ). |
| 6 | 10/20/2004 | Statement of damages filed by P01  PAULA KADIM (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 7 | 10/20/2004 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 02/28/2005 09:00 AM. |

| Page 1 of 2 | A TRUE COPY,<br>ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>X   Ken P Bush | | DATE |
|---|---|---|---|---|

Date/Time Printed:  11/16/2004 12:16 PM

| DOCKET CONTINUATION | DOCKET NUMBER |
|---|---|
| | **200439CV000270** |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 11/16/2004 | Case removed to U.S. District Court by D01 CIGNA GROUP INSURANCE (28 U.S.C. §§1441-1452). |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK  X  Kevin P. Burke | DATE |
|---|---|---|---|

FILED
GLOUCESTER DIVISION

**Dean W. Harrison**
**5 Rocky Pasture Road**
**Gloucester, Mass. 01930** NOV 29  AM 10: 18
**(978) 283-5614**

CLERK MAGISTRATE

Clerk of Courts
U.S. District Court
1 Courthouse Way
Boston, Mass. 02210

November 29, 2004

Dear Clerk of Courts,

     Enclosed is a further response by me Plaintiff's Attorney responding to a recent reply by Defendants' to Plaintiff's earlier opposition to remove.

     I appreciate Gina calling me back on vacation and informing me of time obligations and motions for extension of time. As it turned out, I worked on Thanksgiving and early Friday afternoon, drove into the U.S. District Court and filed my papers on Removal of the case after time stamping. I put them into the box for filing, and the court officer kindly helped me. I was the court's only customer on Friday, according to him.

     It is strongly suggested that the Court recognize the sophistry, the haughty nature of trying to bullrush two Courts to get one sack. Once again it is respectfully suggested the case should remain in the Gloucester District Court.

Thank You,

Dean W. Harrison

Cc: Crevier & Ryan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PAULA KADIM                              )
                                         )
   Plaintiff,                )
                                         )
v.                                       )        Civil Action No. 04 CV 12383
ADELPHIA                                 )
                                         )
CIGNA GROUP INSURANCE                    )
And its affiliate Company LIFE           )
INSURANCE OF NORTH AMERICA               )
                                         )
   Defendants                )
                                         )
                                         )

## REPLY TO LETTER BY CREVIER AND RYAN TO THE GLOUCESTER DISTRICT COURT AND REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION APPROVING REMOVAL.

### STATEMENT

First, Attorney for Plaintiff Kadim was on vacation during the entire flap with the Gloucester District Court, and had no opportunity to cheer the Gloucester Court on, but does now.

The earlier gambit, by Defendants without furnishing even the minimum of citations to the Gloucester District Court is nothing short of temerity and emphasizes the validity of Plaintiff's claim that Plaintiff Kadim was and still is the object of a classic example of unequal bargaining power and oppressive behavior based on superior wealth and status. Might should never equal right in any Court of this nation.

Defendant Adelphia, while Plaintiff Kadim was incapacitated, experienced the jailing of its senior executives for Federal securities violations and criminal theft for raiding the coffers. It was forced into Chapter 11. Yet the Defendants continue to act in an imperious manner to courts and to Plaintiff Kadim. Their attorneys scoff at the contention that there exists a contractual agreement between Defendant Adelphia and

Plaintiff Kadim, which was clearly employer and employee. For centuries there exists a contract between the two. With apparently a straight face Defendant Adelphia in its latest response states that advice to a beneficiary/worker is not a requirement in an ERISA Plan managed by the fiduciary which also happens to be the Trustor/Boss/Trustee. It is akin to suggesting that silence and unresponse by a fiduciary can never be actionable. It clearly is so when it constitutes a denial of contractual rights. Naturally there are no citations by Defendant to back up such suggestion made improperly in a summary process when all facts are to be taken in favor of the opposing party to the motion. The acts and nonacts are facts to be decided by the Court.

Plaintiff has never suggested that the U.S. District Court has no right to assume jurisdiction; it is suggested that the court should decline to take the case. In addition, the 93A treble damages argument has been dropped from the disability claim. But is it not interesting that suddenly Defendant in a bizarre alternative pleading resurrects the treble damages action it so deplored in earlier pleadings. Any port in a storm describes this desperate maneuver.

Defendants have finally shown their colors after a display of bombast and legerdemain and without bringing attention to the courts time period allowed for removal. This case remains essentially one of a claim less than $ 15,000, where an indigent Plaintiff is represented by a pro bono lawyer who demands no fee of her and expects none. The Plaintiff has been in Boston three times in the past two decades, all to take care of her ailing son in the hospital. The U.S. District Court has discretion to send this case back "from whence it came", a local case back to the locale where it emerged. Such a decision is respectfully suggested with equal fervor as that of Defendants, and it is meet and right so to do.

Submitted by her Attorney,

November 29, 2004

DEAN W. HARRISON
BBO #223700
5 Rocky Pasture Road
Gloucester, Mass. 01930
Telephone (978) 283-5614
Email ndharri@earthlink.net

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†
Katherine R. Parsons ♦◊

Timothy A. Reilly
Of Counsel
* Also admitted in NY
† Also admitted in DC
♦ Also admitted in RI
◊ Also admitted in CT

November 24, 2004

VIA FACSIMILE:  978-283-8784
AND FIRST CLASS MAIL

First Justice Richard A. Mori
Gloucester District Court
197 Main Street
Gloucester, MA 01930

Re:    Kadim v. Adelphia, et al: Gloucester Dist. Court. Civil Action No., Prior to Removal
       No. 0439cv270
       U.S. District Court, Civil Action No. 04CV12383 GAO

Dear Judge Mori:

I write today on behalf of the Defendants in the above entitled matter recently removed to the United States District Court.  Previously, this office provided the Gloucester District Court Defendant's Notice of Filing Notice of Removal.  Additionally, Defendants wrote to the Court on November 12, 2004, requesting certified copies of all pleadings filed with the Court.  See, Correspondence of Gloucester Court, attached hereto.

I have been informed by my assistant Jennifer Goncalves that Erin from the clerk's office was instructed not send certified copies of state court records and proceedings to the U.S. District Court.  I write you at the suggestion of Erin that we do so.

As you may be aware the Local Rule 81.1 of the United States District Court **mandates**:

> (a) Within thirty days after filing a notice for removal of an action
> from a state court to this court pursuant to 28 U.S.C. § 1446, the
> party filing the notice shall file certified or attested copies of all
> records and proceedings in the state court and a certified or attested
> copy of all docket entries in the state court.

The same rule requires that this be done within 45 days of removal.

F:\Files\CIGNA\Kadim\JudgeMori.doc

Page 2
November 24, 2004

Additionally, 28 U.S.C § 1446 sates:

> Promptly after the filing of such notice of removal of a civil action
> the defendant or defendants shall give notice thereof to all adverse
> parties and shall file a copy of the notice with the clerk of such
> State court, **which shall effect the removal and the State court
> shall proceed no further** unless and until the case is remanded.

Thus, the case has been removed, and the Gloucester District Court no longer has jurisdiction over the case. Lastly, these pleadings are clearly public documents and the Defendants have the right to obtain certified copies of these documents as they would any other pleading. Therefore, I ask that you please direct the Clerk to immediately provide the U.S. District Court with certified copies of all pleadings, as we previously requested. Please send the requested certified pleadings to the following address:

Attention:  Gina Edge
United States District Curt
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 022140

Lastly please provide us with written confirmation that you have sent the certified pleadings to the Federal Court.

Thank you for your time and attention to this matter.

Sincerely,

Theodore F. Glockner

cc:    Dean W. Harrison, Esq.
       Marian A. Luongo, Esq.

F:\Files\CIGNA\Kadim\JudgeMori.doc

Exhibit A

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†
Katherine R. Parsons ◆◊

Timothy A. Reilly
Of Counsel
* Also admitted in NY
† Also admitted in DC
◆ Also admitted in RI
◊ Also admitted in CT

November 16, 2004

## VIA OVERNIGHT MAIL

Clerk Magistrate: Kevin P. Burke
Gloucester District Court
197 Main Street
Gloucester, MA 01930

Re:    Kadim v. Adelphia, CIGNA Group Insurance:  0439cv270

Dear Clerk Magistrate:

Enclosed for filing please find a Notice of Filing a Notice of Removal By All Defendants with regard to the above referenced matter along with a copy of the Notice of Removal By All Defendants. I have also included an extra copy of the Notice of Filing (marked "Copy"). If you would kindly time stamp this copy and return it to me in the enclosed self-addressed envelope, I would greatly appreciate it.

Please be advised that we have been informed by U.S. District Court that this matter has been assigned a docket number as follows: 04-cv-12383. Enclosed is a certified copy of the removal. Please forward certified copies of state court records and proceedings to our office upon your receipt of this Notice of Removal. Please enclose your invoice fee with the requested pleadings.

Thank you for you time and attention to this matter.

Sincerely,

Jennifer Goncalves
Legal Assistant

Cc:    Dean W. Harrison, Esq.

F:\Files\CIGNA\Kadim\gloucester ct 11.16.04.doc

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

GLOUCESTER DISTRICT COURT
CIVIL ACTION NO. 0439 CV 270

PAULA KADIM
    *Plaintiff,*

vs.

ADELPHIA
CIGNA GROUP INSURANCE
And its affiliate Company LIFE
INSURANCE OF NORTH AMERICA
    *Defendants.*

]
]
]
]
]
]
]
]
]
]

## <u>NOTICE OF FILING NOTICE OF REMOVAL BY ALL DEFENDANTS</u>

Please take notice that the Defendants, on November 15, 2004 filed in the United

States District Court for the District of Massachusetts a Notice of Removal By All

Defendants of this matter from the Gloucester District Court for the Commonwealth of

Massachusetts, Eastern Essex Division (Civ. No. 0439cv270), a copy of which is attached

to this Notice, thus effecting removal of the above-entitled cause to the District Court in

accordance with 28 U.S.C. s. 1446(d). The Defendants timely filed their Notice of

Removal By All Defendants, to clarify with the Court that all Defendants have agreed to

the removal of this case to the United States District Court for the District of

Massachusetts.

Respectfully submitted,

DEFENDANTS ADELPHIA,
CIGNA GROUP INSURANCE and
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

David B. Crevier  (BBO # 557242)
Theodore F. Glockner, (BBO #629469)
CREVIER & RYAN, LLP
1500 Main Street, Suite 2020
Springfield, MA. 01115-5532
(413) 787-2400
(413) 781-8235 *facsimile*

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record, said service
having taken place this 16th day of November 2004.

Theodore F. Glockner

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

GLOUCESTER DISTRICT COURT
CIVIL ACTION NO. 0439 CV 270

|  |  |
|---|---|
| PAULA KADIM<br>*Plaintiff,* | ] ] ] |
| vs. | ] ] |
| ADELPHIA<br>CIGNA GROUP INSURANCE<br>And its affiliate Company LIFE<br>INSURANCE OF NORTH AMERICA<br>*Defendants.* | ] ] ] ] ] ] ] |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

Please take notice that the Defendants, on November 12, 2004 filed in the United States District Court for the District of Massachusetts a Notice of Removal of this matter from the Gloucester District Court for the Commonwealth of Massachusetts, Eastern Essex Division (Civ. No. 0439cv270), a copy of which is attached to this Notice, thus effecting removal of the above-entitled cause to the District Court in accordance with 28 U.S.C. s. 1446(d).

Respectfully submitted,

DEFENDANTS ADELPHIA,
CIGNA GROUP INSURANCE and
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

MOTION ALLOWED

*Richard a Mori*
11-29-04                    JUSTICE
                           DATE

David B. Crevier (BBO # 557242)
Theodore F. Glockner, (BBO #629469)
CREVIER & RYAN, LLP
1500 Main Street, Suite 2020
Springfield, MA. 01115-5532
(413) 787-2400
(413) 781-8235 *facsimile*

1

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record, said service having taken place this 12th day of November 2004.

*Whealon F. Dlockner*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAULA KADIM

    Plaintiff,

v.

ADELPHIA

CIGNA GROUP INSURANCE
And its affiliate Company LIFE
INSURANCE OF NORTH AMERICA

)
)
)
)
)
)
)
)
)
)
)
)
)

U.S.D.C. Civil Action No. ___

Removal from Gloucester District
Court Civ No. 0439CV270

## 04 12383 GAO

## NOTICE OF REMOVAL

Defendant, CIGNA Group Insurance Company of America ("CIGNA") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Gloucester District Court of the Commonwealth of Massachusetts, Essex Division (Civ. No. 0439CV270) where the action is now pending as provided by 28 U.S.C. s. 1446, and states:

1.    Plaintiff commenced this action in the Superior Court of the Commonwealth of Massachusetts on or about October 12, 2004.

2.    The action is a civil action based through which Plaintiff seeks entitlement to the award of disability insurance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as additional common law claims under Massachusetts law. A true copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3.    Plaintiff seeks the award of plan benefits under ERISA Section 502(a)(1)(B). Exhibit 1 at "Parties and Jurisdiction" and "Prayer for Relief."

4.      Plaintiff's Complaint specifically acknowledges that this Court has "concurrent" jurisdiction with the Massachusetts Superior Court for her ERISA case. Exhibit 1 at "Parties and Jurisdiction."

5.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331(conferring federal question jurisdiction), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that Plaintiff's Complaint seeks disability insurance benefits from a "Welfare Plan" as that term is defined in Section 3(1) of ERISA, 29 U.S.C. 1002.

6.      Copies of all process, pleading, and orders served upon CIGNA are filed with this notice. See Exhibit 1, Complaint; and Exhibit 2, Plaintiff's Statement of Damages.

7.      CIGNA will give written notice of the filing of this notice as required by 28 U.S.C. s. 1446(d).

8.      A copy of this notice will be filed with the clerk of the state court as required by 28 U.S.C. s. 1446(d).

WHEREFORE, Hartford requests that this action proceed in this Court as an action properly removed to it.

> Respectfully submitted by CIGNA Group
> Insurance Company,
> By its Attorney,
>
> David B. Crevier, BBO# 557242
> Theodore F. Glockner, BBO #629469
> Crevier & Ryan, LLP
> 1500 Main Street, Suite 2020
> Springfield, MA 01115-5532
> Tel: 413-787-2400; Fax: 413-781-8235
> Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this 9th day of November, 2004.

Theodore F. Glockner

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS  01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†
Katherine R. Parsons ♦◊

Timothy A. Reilly
Of Counsel
* Also admitted in NY
† Also admitted in DC
♦ Also admitted in RI
◊ Also admitted in CT

November 16, 2004

**VIA OVERNIGHT MAIL**

Clerk Magistrate:  Kevin P. Burke
Gloucester District Court
197 Main Street
Gloucester, MA 01930

Re:     Kadim v. Adelphia, CIGNA Group Insurance:  0439cv270

Dear Clerk Magistrate:

Enclosed for filing please find a Notice of Filing a Notice of Removal By All Defendants with regard to the above referenced matter along with a copy of the Notice of Removal By All Defendants.  I have also included an extra copy of the Notice of Filing (marked "Copy").  If you would kindly time stamp this copy and return it to me in the enclosed self-addressed envelope, I would greatly appreciate it.

Please be advised that we have been informed by U.S. District Court that this matter has been assigned a docket number as follows: 04-cv-12383.  Enclosed is a certified copy of the removal.  Please forward certified copies of state court records and proceedings to our office upon your receipt of this Notice of Removal.  Please enclose your invoice fee with the requested pleadings.

Thank you for you time and attention to this matter.

Sincerely,

Jennifer Goncalves
Legal Assistant

Cc:     Dean W. Harrison, Esq.

F:\Files\CIGNA\Kadim\gloucester ct 11.16.04.doc

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glocknert
Katherine R. Parsons ♦

Timothy A. Reilly
Of Counsel
* Also admitted in NY
† Also admitted in DC
♦ Also admitted in RI

November 12, 2004

## VIA OVERNIGHT MAIL

Clerk Magistrate: Kevin P. Burke
Gloucester District Court
197 Main Street,
Gloucester, MA 01930

Re:    Kadim v. Adelphia, CIGNA Group Insurance: 0439cv270

Dear Clerk Magistrate:

Enclosed for filing please find a Notice of Filing a Notice of Removal with regard to the above referenced matter along with a copy of the Notice of Removal. I have also included an extra copy of the Notice of Filing (marked "Copy"). If you would kindly time stamp this copy and return it to me in the enclosed self-addressed envelope, I would greatly appreciate it.

Please be advised that we have been informed by U.S. District Court that this matter has been assigned a docket number as follows: 04-cv-12383. Enclosed is a certified copy of the removal. Please forward certified copies of state court records and proceedings to our office upon your receipt of this Notice of Removal. Please enclose your invoice fee with the requested pleadings.

Thank you for you time and attention to this matter.

Sincerely,

Jennifer Goncalves
Legal Assistant

Enclosures

Cc:    Dean W. Harrison, Esq.
       Marian A. Luongo, Esq.

F:\Files\CIGNA\Kadim\gloucester ct 11.12.04.doc

ESSEX, ss.

GLOUCESTER DISTRICT COURT
DOCKET #

PAULA KADIM )
   Plaintiff, )
 )
 )
v. )
 )
 )
ADELPHIA )       **COMPLAINT**
 )
CIGNA GROUP INSURANCE )
and its affiliate Company LIFE INSURANCE )
OF NORTH AMERICA )
   Defendants, )
 )
 )
 )

This action arises out of Plaintiff's claim for long term disability payments against Defendant Life Insurance Company of North America/Cigna Group Insurance Company ("Cigna") as insurance carrier, while Plaintiff was employed full-time by Defendant Adelphia.   Plaintiff also alleges breach of fiduciary behavior by Defendant Adelphia while acting as the Plan Administrator of the Retirement Plan.

Plaintiff Kadim also in maintains her action for violation of her civil rights in the discrimination by her employer Defendant Adelphia for wrongful acts in denial of her rights and illegal termination of her employment.

Plaintiff Kadim is maintaining her action against Defendant Cigna by reason of its failure as insurance carrier to act properly under state law when, without reasonable investigation of her claim, arbitrarily denied disability income rights under its contract.

## A. PARTIES AND JURISDICTION

Plaintiff Kadim under Section 93A under Commonwealth Law claims consumer fraud by both defendants and asks treble damages and her attorney fees. Claims under ERISA arise under 29 U.S.C. 1132, Civil Employment enforcement (ERISA Sec. 502) with concurrent state jurisdiction conferred in actions brought under subsection (a) (1) (B) of the aforesaid Section 502. Such concurrent jurisdiction with the U.S. District Courts is so conferred where the beneficiary (Plaintiff Kadim) "...is enforcing right under the terms of the plan," as is the case herein.

ERISA fiduciary behavior, or rather misbehavior of Adelphia, occurred under duties of well recognized standard of care owed to a beneficiary under the laws of the Commonwealth where such well-recognized legal principles were originally forged and then codified under ERISA. Both Defendants are authorized to conduct business in the Commonwealth and were conducting such business when the alleged fraudulent acts and breach of contract occurred. Both parties have been warned of their alleged misbehavior in detailed writing by Plaintiff's Attorney pursuant to customary business and legal practice and as required by Section 93A. Both Defendants have responded with insufficient defenses. Action is also brought against both Defendants for violation of Plaintiff's civil rights under Massachusetts Laws and its Constitution.

## B. FACTS

(1) Adelphia is a communications and cable TV company operating at the 38 Blackburn Drive in Gloucester, Ma. 01930, and entered into a disability insurance contract with Defendant Cigna covering Adelphia's employees, one of which was Plaintiff Kadim. Defendant Cigna operates in Massachusetts and has an out of state address at P.O Box

Pittsburgh, PA. 15222-0325. Defendant Adelphia chose to be the Plan Administrator responsible for all fiduciary requirements under both ERISA and Massachusetts's common law.

(2) Defendant Adelphia is presently in reorganization under Chapter 11of the U.S. Bankruptcy Laws, and several of its former key executives and shareholders have been convicted of violating U.S. securities laws, among others.

(3) Defendant Adelphia from April 2000 to July 2004 employed Plaintiff Kadim as a Customer Sales Service Representative.  While so employed Plaintiff Kadim on May 28, 2003 slipped and fell on the company premises.  It is believed that such a fall precipitated and caused the injury at issue in this case and from which the disability claim arose.

(4) Plaintiff Kadim continued to work daily, but as time went on she increasingly began to experience pain in her back until approximately the late part of October 2003.  The pain became more severe and on November 5, 2003 she requested a Medical Leave of Absence for a period of twelve weeks ending on January 28, 2003. She requested disability payments during the same time as the medical leave and asked for a medical determination of short-term disability.

(5) On the day before Christmas 2003, the claim was denied by Defendant Cigna, stating that not enough medical documentation existed to support a claim for a sedentary position.  No details were furnished outlining the lack of documentation or action recommended by either Defendant.  During the time between the period of November 2003 and December 24, 2003 Plaintiff Kadim was under the care of M.D. Janet Doran and a licensed physical therapist Connie Murphy.  She was advised not to return to work by her physical therapist, but Plaintiff Kadim because of financial need at this time

3

returned to work. In a letter dated December 19, 2003 Dr. Doran stated Plaintiff has been undertaking treatment but "she has been entirely unable to work at this time and is still in considerable pain though with slight improvement."

(6) As mentioned above Plaintiff Kadim out of necessity did return to work from approximately December 31, 2003 until January 21, 2003. When the pain became so unbearable, she was required to begin more intense treatment. On January 23, 2003 Dr. Doran had ordered a MRI, stated in a work-related note " Out of work until further notice" and referred her to a spine specialist.

(7) On January 26, under M.D. Richard Ozuna, results from the MRI were discussed. The MRI findings revealed: "There is desiccation of the L3-4 and L4-5 discs with mild loss of height and loss of central bright T2 signal. L3-4 there is a mild diffuse disc bulge. At L4-5 there is a small central and slightly left paracentral disc herniation. This exerts mild to moderate mass effect on the thecal sac approaching the left L-5 nerve root in the lateral recess but without definite compression. At L5-S1 there is little to no bulge with no focal herniation or significant mass effect. There is minimal inferior foraminal narrowing bilaterally." The diagnosis given by Dr. Ozuna is "1) degenerative disc disease L4-L5 greater than L3-L4 2) lower back pain 3) diffuse bilateral lower extremity numbness".

(8) At this point treatment was to be a set of facet shots to be administered by the Hunt Hospital pain clinic. Plaintiff Kadim had appointment set up for four days later. In February 2004 Plaintiff Kadim had facet shots administered with little relief for the back pain.

(9) Upon re-evaluation on March 12, 2004 pain was becoming worse and extending into the lower left extremity. Diagnosis at this point according to Dr Ozuna was to "place her on Ultram as well as recommend that she undergo epidural steroid injections at the L3-4 level to one in fact the L3-4 level as well as it may be at the L4-5 level". Based on her weakness, he stated that he would have to see her sooner than earlier anticipated.

(10) On March 18, 2004, in a letter addressed to Cigna from Dr. Ozuna states that "Based on her most recent exam she continues to be temporarily disabled from her current occupation. I understand that there has been some question of whether she has been totally disabled since her injury in late October. It is my medical opinion that she has been TOTALLY DISABLED" (emphasis added). He then states that "If there is any question regarding this I would suggest that Cigna Insurance certify a functional capacity evaluation for her to confirm if she is capable of some gainful employment. I'm sure that this capacity function evaluation will reveal she is UNABLE TO PERFORM HER WORK DUTIES"(emphasis added).

(11) Reacting on his advice On March 26, 2004 Plaintiff Kadim returned to see Dr. Ozuna for a follow up from the epidural. " She has grade 1 weakness in her left DHL and tibialis anterior. The remainder of the exam is unchanged. She has moderate left buttock tenderness". "Ms. Kadim's symptoms have not improved and her weakness has slightly worsened. I do feel she is a reasonable candidate for micro discectomy. We discussed the risks and benefits of this including nerve injury and infection".

(12) On April 6, 2004 an L4-5 left sided microdiscectomy was preformed at the Lynn Union Hospital. Follow up two-week appointment shows "she states leg pain is nearly completely resolved. She has some achiness in her back but denies any fevers, chills or

wound drainage". "Incision well healed. Normal motor exam with the exception of Grade weakness in her left tibialis anterior, which was present preoperatively. Sensation was normal".

(13) On May 15, 2004 Plaintiff Kadim had what was most likely lumbar strain or some irritation on her facet joints. Dr. Ozuna gave her a medrol dose pack and ordered blood tests to rule out infection, Follow-up appointment in one month.

(14) On June 11, 2004 Plaintiff Kadim returned for her follow-up. Dr. Ozuna discontinued physical therapy and recommended a home exercise program. "She is doing well at this point" and he progressed her to normal activities and her final follow-up will be on August 2, 2004. The Doctor finally declared her fit to work and Plaintiff has been and remains able to work since August 2, 2004 but has been paid no disability income up to that point. Defendant Cigna has denied all pleas.

(15) Defendant Cigna ignored Dr. Ozuna's request for the evaluation and in a letter dated May 12, 2004 made what was termed a final denial. While admitting that: "However, it was discovered that some additional information that you submitted as part of that appeal was not included in our previous reviews. Therefore, we reviewed that information in order to determine if it would change the outcome of the April 6, 2004 determination. Defendant Cigna had the additional information reviewed again with one assistant medical doctor, denied benefits and closed the case.

(16) Plaintiff Kadim was never told who the medical doctor was, never saw him or her and was never contacted for an evaluation. The burden of which was upon Defendant Cigna to dispute legally and professionally this finding especially considering the statement of Dr. Ozuna that Plaintiff Kadim was "totally disabled" and his evaluation

showed she is "unable to perform her work duties." The expert, Dr. Ozuna, who evaluated her and operated on her stated categorically that she was disabled back on March 18, 2004. Lending credence to his conclusion, she was operated on after that date, and has been disabled until recently when Dr. Ozuna on August 2, 2004 finally cleared her for duty. She is now ready and able to return to work as an employee. Defendant Cigna chose to deny the disability claim based on a lay person's review and backed up by some unidentified medical employee. Cigna ignored a serious request by a licensed physician to perform an examination or evaluation personally and took the action of determining facts without first having a medical determination, tantamount to unprofessional, negligent and arbitrary behavior. Defendant Cigna ignored and failed to respond to the operation on her back or its effects and indeed attempted to ignore its very existence, apparently hoping that her claim would go away and that she would lack the will or resources to pursue legal rights.

(17) During this entire period Defendant Adelphia idly sat on its hands and ignored its fiduciary duty it assumed when it became Plan Administrator. There was no attempt by Defendant Adelphia to give reasonable or any advice to Plaintiff Kadim. There is no evidence on the record or outside it that demonstrates even a scintilla of assistance. Indeed, the employees were precatory in the extreme in pointing out then they were not allowed to offer any advice or assistance. Plaintiff Kadim had zero experience in disability claims, and was totally confused as to what it was the Defendant Cigna was looking for, especially when Plaintiff Kadim kept furnishing the medical data. Certainly Defendant Adelphia knew or had reasonable reason to know the level of details Defendant Cigna was requiring but violated its fiduciary duty by remaining mute and

pretending to be thoughtful and managing to be only negligent. Even setting aside for a moment the clear duties of fiduciary responsibilities to its beneficiary under both ERISA and common law, a modicum of assistance under customary employment relations is appropriate and owed, and no employee is required to be engaged in some form of guess work or twenty questions in order to receive her due from the employer he or she relies upon for expertise. It is not an unusual circumstance for a company to be in extremis these days, as is the case with Adelphia, along with employees to fear of losing their jobs. It is especially common in cases and is actionable where criminality and corruption occur in the highest echelons, where ordinary employees are the first to experience "off with their heads" mentality, and it is rare indeed when one dares to be the messenger with tidings of bad news. No saviors came forward, no whistle blowers emerged, and the violation of at least one person's rights, wrongs to Plaintiff Kadim continue unabated to this day.

(18) Defendant Kadim is now without a job, without a cent in disability income and is now claiming state unemployment compensation payable at reduced levels because of no employment income since January 2004. A single mother with two children and an ex-husband behind on his support, she is relegated to a state of penury, reliant on parents (including stepfather) to assist her and her children to provide creature comforts for the family. She is presently searching for a new job in a bad market for her family sustenance and to minimize damages claimed herein by reason of her wrongful termination of employment by and with attendant violation of her civil rights by Defendant Adelphia.

8

## C. COUNTS

### (Count I – Violation of Contractual obligations.)

(19) Plaintiff hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraph (1) through (18).

(20) Defendant Cigna as Insurance carrier are responsible for lawful claims filled against it for disability payments owed to employees of Adelphia who file and prove their case.   Plaintiff Kadim relied on such a contract, fulfilled all responsibilities as an employee, filed appropriate documentation, and was totally disabled for the period in question and entitled to recover such amounts.   Defendant Cigna acted arbitrarily, illegally and fraudulently in violation of its contract and is responsible for damages under the contract and under 93A for consumer fraud.

### (Count II – Violation of Civil Rights and Breach of employer-employee laws.)

(21) Plaintiff Kadim hereby adopts and incorporate by reference as fully stated herein the allegations contained in paragraph (1) through (18).

(22) Defendant Adelphia discriminated against Plaintiff Kadim under appropriate employees and rights, denying her equal protection under the law.   It failed to obey ordinary standards of care as an employer.

9

(Count III – Breach of Fiduciary Duty)

(23) Plaintiff Kadim hereby adopts and incorporates beneficiary fully stated herein the allegations contained in paragraphs 1 through (18).

(24) Defendant Adelphia violated its affirmative duty of advising and assisting beneficiary Plaintiff Kadim under the Plan and so violated the standard established under ERISA and Common Law.

(Count IV – Breach of employment contract)

(25) Defendant Adelphia lacked the ordinary care owed Plaintiff Kadim under employment/employee relations and assisted and abetted denial of claims of disability by Plaintiff Kadim, improperly and illegally terminated her employment by assisting in the demand of disability income payments. This action had the effect of abridging her term of employment under the pretext and guise of assisting in the denial of workman's compensation rights, disability income and she was constructively discharged without pay or benefits.

D. PRAYERS FOR RELIEF

Plaintiff Kadim respectfully requests the following relief.

(1) Money damages for disability income.

(2) Treble damages and attorney's fees under 93A;

(3) Costs of suit award of attorney's fees;

(4) Such other relief as the Court deems just.

10

**Paula Kadim**

By her Attorney,

Dean W. Harrison (BBO# 223700)
5 Rock Pasture Road
Gloucester, Mass.  01930
(978) 283-5614

October 12, 2004

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED *(to be added by Clerk)* | DOCKET NO. *(to be added by Clerk)*<br>35 | Trial Court of Massachusetts<br>District Court Department |

**PLAINTIFF(S)**
Paula Kadim

**DEFENDANT(S)** ADELPHIA, CIGNA

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES.

Gloucester **DISTRICT COURT**

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: ......................................... | $ _____ |
| 2. Total doctor expenses: ........................................... | $ _____ |
| 3. Total chiropractic expenses: ..................................... | $ _____ |
| 4. Total physical therapy expenses: ................................. | $ _____ |
| 5. Total other expenses *(Describe)*: _____ | $ _____ |
| SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: ................... | $ _____ |
| C. Documented property damages to date: ............................. | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: ....... | $ _____ |
| E. Reasonably anticipated lost wages: ................................ | $ _____ |
| F. Other documented items of damage *(Describe)*: _____ | $ _____ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe)*:<br>back injury<br>disability claim | |
| For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** | $ 14,500 |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): Disability (failure to pay) Income from Employer and Insurance Carrier plus wrongful termination | $ 14,500<br>$ _____<br>$ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** | $ 14,500 |

**ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):**

Signature _____    Date _____

Print or Type Name DEAN W. HARRISON    B.B.O.# 223700

Address 5 Rocky Pasture Rd
Gloucester MA 01930

tel 978-283-5614

**DEFENDANT'S NAME AND ADDRESS:**
ADELPHIA - 38 Blackburn Dr, Gloucester, Ma 01930
Cigna - PO Box, Pittsburg, Pa. 15222-8325
Kerry P Bush

4/02

_Paula Kadim_

vs.

_Cigna / Adelphia_

## AFFIDAVIT OF INDIGENCY AND REQUEST FOR WAIVER

Pursuant to General Laws Chapter 261, Sections 27A et seq. applicant swears ( or affirms ) as follows:

1.  Full name _Paula Kadim_
    Address _11 Kent Road_
    Date of Birth _03/24/65_
    Education _High School Grad / some College (2 credit)_
    Special Training _____
    Description of Case _Disabilty back pay / wrongful termination._

2.  Applicant is indigent in that he/she is unable to pay the fees and costs of the proceeding in which he/she is involved, or is unable to do so without depriving him/herself or his/her dependants of the necessities of life including food, shelter and clothing.

3.  Applicant receives public assistance in the form of _Food Stamps / seasonal_ and in the amount of _heating Asst / I've applied for free/reduced lunch through school!_

IF APPLICANT RECEIVED PUBLIC ASSISTANCE, HE/SHE MAY LEAVE NUMBERS 4 THROUGH 6 BLANK, UNLESS THE JUDGE OTHERWISE REQUESTS.

4.  Present Occupation _Unemployed_
    Employer's Name and Address _____

    Spouse's employer, if working _____
    Gross annual income for preceding year _____
    Monthly (or weekly) gross income $ _238 per week_

    Monthly (or weekly) net income: _____
    Monthly (or weekly) expenses: Rent _$ 500. monthly_
    Food _$ 450. "_
    Clothing _$ 100. "_
    Utilities _$ 158. "_
    Other expenses _$ 443. monthly car_
    _$ 180. " medical + Dental_
    _$ 180. " Credit Cards_

    Total (monthly) (or weekly) expenses: _$ 2011.00_
    _estimated_

MOTION ALLOWED

_Ken P Burk_   _Richard G Un_

_10-14-04_

JUSTICE

DATE

Assets:

Own Car _Bank_    Year and Make _2002 Suski Grand Vitara_ XL7

Market Value _____    Balance Due _roughly $ 10,000._

Bank Accounts _Savings_ _____

Other property _____

Liablities: _____

Number of Dependants _2_

5. Physical or mental disibilities: _Constant Back ach_

6. Other facts relevant to inability to pay: _as you can see from my expensis_ _I just don't have_ _enough to get through the month. I also recieve_

7. Wherefore, applicant requests that the following normal fees or costs either be waived, substituted or paid by the county: _$ 94 - a week in child_ _support when he decides_ _to send it. I can't count on that_ _money_

8. Applicant further requests that the following extra fees or costs either be waived, substituted or paid by the county: _____

_____

_____

SIGNED UNDER THE PENALTIES OF PERJURY,

_Paula Bad_
Applicant

_Oct 13, 04_
Date

In my opinion plaintiff/defendant has/has not the ability to pay fees and costs for the proceeding now before the court.

_____
Probation Officer

ALL INFORMATION CONTAINED HEREIN IS CONFIDENTIAL.  IT SHALL NOT BE DISCLOSED TO ANY OTHER PARTY OTHER THAN AUTHORIZED COURT PERSONEL OR OTHER PARTIES TO THIS LITIGATION.