IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA KADIM )<br><br>Plaintiff, )<br><br>v. )<br>ADELPHIA )<br><br>CIGNA GROUP INSURANCE )<br>And its affiliate Company LIFE )<br>INSURANCE OF NORTH AMERICA )<br><br>Defendants ) | Civil Action No. 04 CV 12383 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

The responses by defendants continue to be a series of revelations without a home.

In the initial response only one Defendant, LINA, responded and utilized a so-called defense on behalf of Adelphia without it being included in the response. Next came the concept that not only is Adelphia an afterthought but it is a Defendant without an obligor, a fiduciary with no duties of loyalty, not under any contract or agreement being a trustee in common name only and more importantly to Defendants, the boss/trustor. Next the name CIGNA is merely an idea cooked up somewhere, probably on Madison Avenue, not really an entity but a method to convey on image without substance, and unless you carried a magnifying glass on your person, you could not decipher the underlying glyph telling that fact.

Next came the evocation of Defendants of the pleas to be sued for treble damages so that the case could be elevated to $ 45,000 and thereby earn a hearing in this Court and avoid the common offerings of the lowly Gloucester District Court where ordinary people are judged.

Now the latest saw, one that cannot be raised to the dignity of an epiphany and never to enjoy a season, and that is, somehow, at this late juncture, the court has exclusive, not concurrent jurisdiction, and cites a claim that the action for non payment of amount due under a disability claim, contract, agreement, (it has no name to Defendants) can never be claimed against one who acted illegally towards Plaintiff. It is all one claim, the disability action, and is against the obligor, the insurance company, and the boss who assisted in denial of Plaintiff's rights. Whichever way you dress it up or add cosmetics, it's one claim, and Congress has granted the Plaintiff concurrent jurisdiction.

We have never argued that this honorable court cannot rightfully assume jurisdiction. We submit that for the many reasons all the parties and court itself discern, it is appropriate for the Plaintiff to be in the court she has chosen. The locale is not unfamiliar to Defendants. For some inexplicable reason not expressed, but the answer seems to be in the unequal economic bargaining position, the Defendants look for succor in Boston.

Lastly as far as a settlement offer is concerned, the Defendants have spent multiple more than the fractional amounts offered.

Respectfully submitted by her attorney,

December 7, 2004

/DEAN W. HARRISON
BBO #223700
5 Rocky Pasture Road
Gloucester, Mass. 01930
Telephone (978) 283-5614
Email ndharri@earthlink.com

## CERTIFICATE OF SERVICE

I, Dean W. Harrison, hereby certify that I have served a copy of the foregoing on the defendants by mailing a copy, by first class mail, postage prepaid, to the address of their attorney of record, this 7th, day of December, 2004.

_____
Dean W. Harrison